### Ex Parte Milt Dupree.

No. 1762.    Decided November 27, 1907.

**1.—Local Option Law—Constitution.**

The Act of April 5, 1907 (Local Option Prohibition of liquor traffic, Acts, 30th Leg. ch. 77, p. 156) was not unconstitutional in its provisions for enforcing the law by injunction and punishment for contempt in localities which had adopted prohibition before its enactment. (Pp. 155, 156.)

**2.—Same.**

The question submitted to the voters in local option elections is whether sales of intoxicating liquor are to be prohibited within the designated locality, not whether the existing laws for enforcing such prohibition shall be adopted there. Laws for enforcing such prohibition could be enacted by the legislature as well after as before its adoption. (Pp. 155, 156.)

**3.—Same—Local or Special Law.**

Laws for the enforcement of prohibition in localities adopting it under the Local Option law are not local or special laws within the meaning of art. 3, sec. 57, of the State Constitution and do not require publication of the intention to apply therefor within the locality to be affected. (P. 156.)

**4.—Constitution—Local Option Law.**

The Act of April 15, 1907 (Laws, 30th Leg. p. 156) providing remedies by injunction and punishment for contempt for violation of the Local Option liquor law, does not violate either section 13, 15, or 19, of Art 1, of the State Constitution; it does not deprive of the benefit of the due course of the law. (P. 156.)

**5.—Same—Injunction—Verification.**

The Legislature may authorize officials of the State to sue out injunctions in the discharge of their public duties without verifying the petition; they are acting, in so doing, under their official oath. (P. 156.)

**6.—Local Option Law—Injunction—Search and Seizure—Constitution.**

The provisions of the Act of April 5, 1907, in regard to searches for and seizure of intoxicating liquors, if held violative of the Fourteenth Amendment to the Federal Constitution, woud not invalidate so much of the law as relates only to injunction and punishment for contempt. (P. 156.)

Original proceeding by writ of *habeas corpus* from the Supreme Court, procured by relator Dupree against the Sheriff of Brown County.

*Harrison & Wayman,* for relator.—The affidavit upon which the proceeding for a constructive contempt is based must state facts which, if established, would constitute the offense; and if the allegations of the affidavit are not sufficient in this respect, the court is without jurisdiction to proceed. Wyatt v. People, 28 Pac. Rep., 961; Rapalje's Contempt, secs. 93, 94; Mullin v. People, 24 Pac. Rep., 880; Thomas v. People, 23 Pac. Rep., 326; Cooper v. People, 22 Pac. Rep., 790; Wilson v. Territory, 1 Wyo., 155; Ex Parte Peck, 3, Blatchf., 113; McConnell v. State, 46 Ind., 298; Phillips v. Welch, 12 Nev., 158; Gandy v. State, 14 N. W. Rep., 143; Batchelder v. Moore 42 Cal., 412; Myers v. State, 19 Texas Ct. Rep., 800; Craddick v. State, 88 S. W. Rep., 347; Eccles v. Daniel, 16 Texas, 141; Const., art. 1, secs. 13, 15, 19; State v. Root, 57 Am. St. Rep., 574; Thomas v. People, 9 L. R. A., 569; State v. Sweetland, 54 N. W. Rep., 415; Herdman v. State, 74 N. W. Rep., 1097.

Is section fourteen of the act of the Thirtieth Legislature, approved April 5th, A. D. 1907, and especially that part of said section which provides that, where suit is brought in the name of the State by any of the officers named in Sec. 13 of said act, the petition for injunction need not be verified, constitutional?—Const., art. 1, sec. 9; In re Dana, 68 Fed. Rep., 894.

Is the act in question unconstitutional as being in excess of the authority of legislature as limited by sec. 20, art. 16 of the Constitution of Texas?—Commissioners Court of Nolan Co. v. Beall, 98 Texas, 104; Green v. Southard, 94 Texas, 470; Keller v. State, 87 S. W. Rep., 675; James v. State, 78 S. W. Rep., 951; Stallworth v. State, 16 Texas Crim. App., 346; Steele v. State, 19 Texas Crim. App., 428.

Was the act in question operative in Brown County at the time the injunction was issued, relators arrested and the fine and imprisonment imposed?—Dawson v. State, 25 Texas Crim. Apps., 670; Robinson v. State, 26 Texas Crim. Apps., 83; Lawhon v. State, 26 Texas Crim. Apps., 102; Ex parte Bains, 39 Texas Crim. Apps., 63;

McElroy v. State, 39 Texas Crim. Apps., 529, Ex parte Elliott, 72 S. W. Rep., 837; Ex parte Fields, 86 S. W. Rep., 1022; Ex parte Pollard, 103 S. W. Rep., 878; Adams v. Kelley, 44 S. W. Rep., 529.

*R. V. Davidson,* Atty-General, and *Jas. D. Walthall,* assistant for respondent.—The act in question is constitutional. Ex parte Mabry, 5 Texas Crim. App., 97; Cooley's Const. Lim., 173, 182; Embury v. Connor, 3 N. Y., 518; Languille v. State, 4 Texas Crim. App., 322; Cordova v. State, 6 Texas Crim. App., 207.

It is a proper exercise of the police power.—Beavers v. Goodwin, 90 S. W., Rep., 930; License Cases, 5 How., 504; State v. Fitzpatrick, 16 R. I., 54; 11 Atl. Rep., 767; State v. Miller, 48 Maine, 576; Gray v. Kimball, 42 Maine, 299; Gill v. Parker, 31 Vt., 610; Black on Intox. Liq., secs. 33, 34, 51-52; Metropolitan Board of Excise v. Barrie, 34 N. Y., 657; Mugler v. Kansas, 123 U. S., 623, Book 31, L. Ed., p. 209; In re. Horgans Liquors, 16 R. I., 542.

Constitutionality of search and seizure laws. Gray v. Kimball, 42 Me., 299; Beaver v. Goodwin, 90 S. W. Rep., 930.—In order to make a statute a public law of general obligation it was not necessary that it should be equally applicable to all parts of the State; all that is required is, that it shall apply equally to all persons within the territorial limits described in the act. Cordova v. State, 6 Texas App., 207; State v. Baltimore, 29 Md., 516; Williams v. People, 24 N. Y., 405; Cox v. State, 8 Texas Crim. App., 285; Clark v. Finley, 93 Texas, 175.

The provisions of section 20 of article 16 of the Constitution authorize the people to inhibit the sale in local option territory. The act under consideration is not a local option law, nor an amendment to that law, nor an infringement of it. It is not an assault on the local option law, but is outside of the law, and was enacted for the purpose of rendering more effective said local option law. Ex parte Massey, 92 S. W. Rep., 1083; Snearly v. State, 52 S. W. Rep., 547; 53 S. W. Rep., 697.

MR. JUSTICE BROWN delivered the opinion of the court.

On the 15th day of September, 1906, an election was held in Brown County to determine whether or not the sale of intoxicating liquors should be prohibited in that county, which resulted in the prohibition of such sale. On May 18, 1907, R. L. McGaugh, County Attorney of Brown County, filed in the District Court of that county a petition in the name of the State of Texas against Milt Dupree, wherein all necessary allegations were made to show the vote of the county upon the question of prohibiting the sale of the liquors and the publication of the result, whereby local option was put in force in said county, and, having given the names of all the defendants in that suit including the relator, the said petition alleged: "That defendants are actually using the following described place, rooms, premises and buildings situated in the City of Brownwood in Brown County, Texas, and more particularly described as follows, to-wit: . . . for the purpose of selling intoxicating liquor in violation of law and in which to keep, store and deposit intoxicating liquor for the

purpose of being sold in violation of law, and that they are in possession of, and have under their control and management at such place intoxicating liquor for the purpose of, and with the intention of selling such liquor in violation of law. Wherefore, the State of Texas prays the Court for a writ of injunction restraining and prohibiting defendants, Milt Dupree, Bart Carnes, John Byrd and Jap Counts, their agents and employes from using said hereinbefore described place, room, premises and building for the purpose of selling intoxicating liquor in violation of law or to keep, store or deposit intoxicating liquor for the purpose of being sold in violation of law, and that citation issue hereon as the law directs and that upon final hearing said injunction be in all things perpetuated and made final, and for such other and further relief both general and special as your petitioners may be entitled to by reason of the premises." "The Clerk of the District Court of Brown County, Texas, is hereby ordered to file this petition and to issue a writ of injunction prohibiting and restraining Milt Dupree, Bart Carnes, John Byrd and Jap Counts, the defendants therein named, their agents and employes from using the premises in said petition described for the purpose of selling intoxicating liquors in violation of law, or in which to keep, store or deposit intoxicating liquors for the purpose of being sold in violation of law. Witness my hand at Brady, Texas, this the 8th day of May, 1907. John W. Goodwin, Judge 35th Judicial District of Texas." The petition prayed for an injunction to restrain the said defendants named therein, including the relator, from violating the law which prohibited the sale of intoxicating liquors in that county; the petition contained all of the necessary allegations for presenting the matter properly to the court, and the District Judge, the Honorable John W. Goodwin, endorsed on the petition the following order, in substance, directing the clerk of the District Court of Brown County to issue the writ of injunction as prayed for prohibiting the relator and others, their employes, agents, etc., from using the premises in the petition described for the purpose of selling intoxicating liquors in violation of law, etc. The writ of injunction was duly issued on the 10th day of May, 1907, which was in due form, specifying particularly the things which were commanded to be abstained from by the relator and others, and describing the premises minutely. The writ of injunction was served by the sheriff of Brown County on the 11th day of May, 1907. On the 17th day of October, 1907, the County Attorney, R. L. McGaugh, of Brown County under oath filed an application in the District Court in the said cause wherein he charged the relator and others with violation of the provisions and mandates of the said writ of injunction, specifically stating the dates and character of each violation, upon which petition the Honorable John W. Goodwin, district judge of said district, made an order whereby he directed the clerk of the District Court to issue to the said relator and others a summons to appear before him at a time and place stated in the summons, then and there to show cause why they should not be adjudged guilty of contempt and punishment for the violation of the mandates of the injunction therefore issued. The summons was

duly served upon the defendants and their counsel appeared and filed a motion to quash the affidavit by which they were charged with the violation of the injunction for the reasons: "Because the petition for said injunction was never verified or sworn to by any person; and if the Act of the Legislature upon which this proceeding is predicted can be held to authorize injunction on such a petition, that said act is unconstitutional and void for this: That it, and the proceedings had in this case upon said law and the unsworn petition filed in this case and the affidavit charging defendant with having disobeyed the injunction issued on said petition for injunction, have the effect to, and do, authorize the seizure of defendant's person, and his arrest and detention without any showing of probable cause therefor, under oath or affirmation, as is required by sec. 9 of the Bill of Rights in the Constitution of the State of Texas."

The relator filed a very lengthy answer in which he set up as causes why he should not be punished or adjudged guilty of contempt; that the court had no jurisdiction to issue the writ of injunction, because the Act of April 15, 1907, under which the injunction was issued is unconstitutional, and because the act was intended to be operative in each county, city, town, village, etc., wherein the vote had been taken to prohibit the sale of intoxicating liquors prior to the enactment of said law, and the Legislature had no power to enact the law applicable to those counties, etc., which had taken a vote prior to the enactment of that law; that the said act of the Legislature in its application to such territory as had voted upon this question prior to the enactment of the law is without authority in the Legislature, because the people of the territory had not voted since its enactment, whereby it would be adopted and become operative in such territory; that the affidavit of the county attorney is upon information and belief and states no facts showing a violation by the relator, and that the petition was filed without being sworn to by the county attorney.

On October 22, 1907, the matter of contempt came up for trial in vacation before Judge Goodwin and the court overruled the motion to quash the affidavit and, upon a hearing of the merits of the case, the judge found the relator guilty of contempt of court in that he had disregarded and violated the orders and mandates of the injunction which was served upon him and assessed a fine of $100 against' the said relator and also ordered that he be confined in the county jail of Brown County for three days and until the fine and costs of the motion and proceedings under it shall be paid. In pursuance of the order a writ of commitment was by the clerk issued to the sheriff of Brown County, who arrested relator and confined him in the jail of the county, whereupon application was made to this court for writ of habeas corpus and granted.

By agreement in writing counsel for the relator and for the State have reduced the controversy in this case to the following questions:

1st. Are the local option laws of Texas valid under the Constitution of this State?

2nd. Is the Act of the Thirtieth Legislature, approved April 5, 1907, which declares the keeping of intoxicating liquors, etc., for

sale within the local option districts to be a nuisance, valid under the Constitution of this State?

3rd. If the last named law is valid, then was it in force in Brown County on the 8th day of May, 1907, when the injunction was granted?

To sustain the injunction it is necessary that the local option law should have been in force in Brown County at the time the injunction was granted, and, of course, if it was invalid it was not in force. However, no plausible ground has been suggested upon which the validity of that law has been challenged and we see no reason to discuss the question. The reasons which have been assigned why the law of April 5, 1907, is invalid are: (1) that the act exceeds the power of the Legislature as limited by article XVI, section 20 of the Constitution of this State; (2) that' the said act is a special law and was not enacted in pursuance of notice given as required by article III, sections 56 and 57 of the Constitution; (3) because if the law is applicable to the whole State it is a delegation of legislative power to the people. and is therefore void; (4) because the law authorizes the courts to issue writs of injunction in suits instituted by officers of the State upon petitions not verified by affidavits and, taken in connection with Section 14, authorizes the arrest of persons charged with contempt of court for violation of the injunction upon a complaint not verified and is therefore in conflict with article I, sections 13, 15 and 19 of the Constitution.

Section 20 of article XVI of the. Constitution of this State is in this language: "The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice's precinct, town, city (or such subdivision of a county as may be designated by the Commissioner's Court of said county) may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." The objection that the law under investigation goes beyond the limits prescribed by the Constitution is based upon the idea that the people of the particular locality vote upon and adopt the local option law itself, whereas by the plain and unmistakable terms of the Constitution the Legislature is required simply to enact a law by which the people of the territory or subdivision may vote upon the question of whether the sale of intoxicating liquors shall be prohibited within that territory. The Legislature could have enacted the law simply submitting this question to the vote of the people and subsequently have enacted the law which they did in order to carry the result of that vote into effect; or the Legislature might have, as they did, enacted a general law upon the subject with a provision that it should become operative in any of the subdivisions named in the Constitution when the people had' voted in favor of prohibiting the sale of intoxicating liquors within that subdivision. The Constitution does not require the Legislature to submit to the vote of the people the law which is necessary to enforce prohibition, and it has not been done; that is a proper subject for legislative action. It has been held in this State that the Legislature cannot go beyond the limits of the Constitution and prohibit the giving away of liquors within the prescribed territory,

but that does not in the least interfere with nor limit the power of the Legislature to enact all suitable and necessary laws for the enforcement of the will of the people on that subject. The law in question is not subject to the objection urged. The Act of April 5, 1907, was in force in Brown County.

It is said that the law is special in its nature and was not enacted in accordance with the requirement of section 57, article III of our Constitution, which provides that, "no local or special law shall be passed, unless notice of the intention to apply therefor, shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law," etc. Neither the local option law nor the law of the Thirtieth Legislature, which is the subject of this controversy, is a special law under the terms of our constitution. "To make a statute a public law, it is not necessary that it should be equally applicable to all parts of the State; all that is required is that it shall apply equally to all persons within the territorial limits described in the act." State v. Baltimore, 29 Md., 516; Davis v. State, 2 Texas Crim. App., 430. It is very plain from the language of the Constitution and from the decisions upon this question that neither of the laws referred to is a special law and the objection urged to them on that ground is without merit.

It is urged that the act of the Thirtieth Legislature, approved April 5, 1907, is in violation of sections 13, 15 and 19 of article I of the Constitution. We are unable to see wherein the law violates either of the provisions of the constitution named. Its provisions do not deprive any party of the benefit of due course of law but it provides such a vigorous course of law that it may be quite objectionable to those who offend against its provisions.

The specific ground upon which the relator relies to sustain its objection we presume to be that by which he challenges the right of the Legislature to authorize officials of the State to sue out writs of injunction without verifying the petition. The officers named take a solemn oath under the constitution of this State for the performance of their duties according to law, and every officer is presumed while in the discharge of his duty to act under the sanction of his official oath. The filing of the petition in the name of the State is an official act. We believe that there is no soundness in the objection.

It is claimed that sections 4, 5, 6, 7, 8 and 9 of the Act of April 5, 1907, are each invalid because in conflict with the Fourteenth Amendment to the Constitution of the United States. Those sections regulate the proceeding by search and seizure of the goods and property used in creating the nuisance, which is one remedy, the writ of injunction is a different remedy not at all dependent upon the other. If the sections named be held void, that would not affect those sections upon which this proceeding rests. Relator also sets up as a ground for his discharge that the affidavit upon which he was arraigned for contempt was sworn to upon information and belief. This could be no more than an irregularity and would not affect the jurisdiction of the court.

We find that the District Court had jurisdiction to issue the writ of injunction and the relator having violated it was legally subjected to punishment for his disregard of the process of the court and the laws of the State. It is therefore ordered that the relator be remanded to the custody of the sheriff of Brown County to be held according to the judgment and order of the Hon. District Judge of that district, and also that the relator pay all costs of this proceeding.