L. CRADDOCK & COMPANY v. WELLS-FARGO COMPANY EXPRESS.

Decided January 15, 1910.

**1.—Contract—Performance Unlawful.**

Where one covenants to do an act lawful at the time, and an Act of the Legislature is subsequently passed making it illegal to do the act, the covenant of performance is thereby discharged.

**2.—Same—Express Company—Intoxicating Liquors—Delivery C. O. D.**

An express company was excused and discharged from the performance of its contract to deliver C. O. D. packages of intoxicating liquors by the passage of the Act of 1907 (Gen. Laws, 1907, pp. 3 and 149), "imposing an occupation tax on persons, firms or corporations handling liquors C. O. D." A delivery of said packages C. O. D. would have been unlawful after said Act went into effect without payment of the occupation tax imposed thereby, and the express company had its option to refuse to pay the tax and discontinue the business.

**3.—Same—Common Carrier—Refund of Charges.**

Where the delivery C. O. D. of packages of intoxicating liquors was made unlawful while an express company had such packages in its possession awaiting delivery, the express company could refuse to deliver the same thereafter, and not only refuse to refund the outgoing charges already collected, but insist upon payment by the consignor of the regular charges for returning said packages to him. A refund or rebate of said charges would have been unlawful.

**4.—Intoxicating Liquors—C. O. D. Tax Law, Constitutional.**

The Act of the Thirtieth Legislature (Gen. Laws, 1907, pp. 3 and 149), imposing an occupation tax on persons, firms or corporations, handling intoxicating liquors C. O. D., is not in violation of sections 1 and 2 of article VIII, nor of section 48 of article III of our State Constitution. Said Act is either a revenue law or a police regulation, and in either case is constitutional.

Appeal from the District Court of Dallas County. Tried below before Hon. J. C. Roberts.

*Camp & Camp,* for appellant.—The court erred in rendering judgment for the defendant and not rendering judgment for the plaintiff upon the agreed statement of facts in this case, because the contracts were legal and valid when made, and if the defendant was prohibited by a subsequent valid law from fully performing same, and the plaintiff receiving no benefits from a partial performance, this defendant is liable to the plaintiff for the amount paid by plaintiff to defendant

under said contract. Binz v. National Supply Company, 105 S. W., 543.

The C. O. D. tax law is unconstitutional in that it violates article VIII, section 1, of our State Constitution which provides that "taxation shall be equal and uniform," and article VIII, section 2, which provides that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax," because the same is an unreasonable and unnatural classification, in that it is not a tax on the express business nor upon intoxicating liquors, nor upon the carriage of intoxicating liquors, but is a tax only on the C. O. D. feature of the carriage of intoxicating liquors, which is merely an incident of the business. State v. Ashbrook, 55 S. W., 632; Pullman Palace Car Co. v. State, 64 Texas, 279; Texas Company v. Stephens, 100 Texas, 628; Gulf, C. & S. F. Ry. Co. v. Ellis, 21 S. W., 933.

Said C. O. D. tax law violates section 48, article III, of the Constitution, which provides "that the Legislature shall not have the right to levy taxes nor impose burdens on the people except to raise revenues sufficient for the economical administration of the government," because same is prohibitory. An occupation injurious *per se* may be prohibited by the police powers, but when a law is enacted under the taxing power and having been passed as a tax law, it is unsustainable as a police regulation. Ex parte Woods, 52 Texas Crim. App., 575.

*Ethridge & McCormick* and *Alexander & Hogsett,* for appellees.—
The express company is shown to have strictly performed its duties as a carrier, which duties were defined by law, and the judgment of the court could not have been otherwise than for defendant. Act of 1907, pages 3, 4 and 149; Rev. Stats., arts. 4582-4583-4584; Rippy v. State, 44 Texas Crim. App., 72, citing as authorities Black on Intoxicating Liquor, and Prentice on Police Powers; Stone v. Mississippi, 101 U. S., 814; Cordes v. Miller, 39 Mich., 584; Church v. New York, 5 Cowan, 538.

The Legislature had authority to abrogate the C. O. D. feature of liquor traffic, or to impose any burdens upon the "incident" to the express business, known as the C. O. D., which impaired the efficiency of the control of the liquor traffic. San Antonio & A. P. Ry. Co. v. State, 79 Texas, 269; Ex parte Kennedy, 42 Texas Crim. App., 148.

Acting within the police power it was competent for the Legislature to impose a prohibitive license or tax upon the C. O. D. feature of the express business in its relation to intoxicating liquors. Pleuler v. State, 10 N. W., 488; Ex parte Dupree, 101 Texas, 150; Higgins v. Rinker, 47 Texas, 401; Joliff v. State, 53 Texas Crim. App., 61; Sessums v. Botts, 34 Texas, 348-350, approved in Boggess v. Howard, 40 Texas, 157; Black v. Epperson, 40 Texas, 185; Miller v. Dunn, 1 Am. St. Rep., 72; Hampton v. Dilley, 31 Pac., 808; Collier v. Montgomery Co., 54 S. W., 991; Donaldson v. State, 15 Texas Crim. App., 28; State v. Auditor, 18 So., 752.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted August

26, 1907, by L. Craddock & Company against the Wells-Fargo Company Express, to recover the sum of $1025.93 which plaintiff paid defendant as outgoing and return express charges on a large number of packages of intoxicating liquors delivered to defendant at Dallas, Texas, to be transported and delivered to various consignees throughout the State of Texas and to collect from each consignee the cost of the goods and transportation and return said collections to plaintiff, which defendant failed and refused to do, on the ground that same was prohibited by the Act of February 12, 1907, known as House Bill No. 53, and commonly known as an Act imposing an Occupation Tax on Persons, Firms and Corporations handling Liquors C. O. D. Upon a hearing by the court upon an agreed statement of facts judgment was rendered for the defendant, and plaintiff appealed.

The agreed statement of facts shows that defendant promptly carried the liquor shipments to the several points of destination and fully performed all of its duties as a carrier with respect to same up to and including February 12, 1907. On that day an Act of the Texas Legislature, passed with the emergency clause, imposing an occupation tax or license on persons, firms or corporations handling intoxicating liquors C. O. D. The appellee after said Act went into effect refused to any longer continue the C. O. D. business as applied to the liquor traffic. It delivered all C. O. D. packages after February 12, 1907, on which appellant would release the C. O. D. Appellant did this as to certain packages, but refused to do this as to those in question. Appellant requested appellee to return the shipments, remaining undelivered, to it at Dallas, which was done by appellee, but appellee required of appellant the payment of the return express charges on such shipments (the outgoing charges on same having been paid when the packages were originally delivered to appellee). Appellant paid the return charges under protest. In its answer to plaintiff's action the defendant plead that the Act above referred to was designed by the Legislature to prohibit the C. O. D. feature as applied to the carriage by express of intoxicating liquors. It also plead that as a carrier it could not lawfully refund charges for services performed by it as a carrier.

It is contended by appellant that the court erred in rendering judgment for the defendant and not rendering judgment for the plaintiff upon the agreed statement of facts, because the contracts were legal and valid when made, and if the defendant was prohibited by a subsequent valid law from fully performing same, and the plaintiff not having received any benefits from a partial performance, the defendant is liable to the plaintiff for the amount paid by plaintiff to defendant under said contract. The case of Binz v. National Supply Co., 105 S. W., 543, it cited as supporting this assignment. That case does not support the contention of appellant. In that case the National Supply Company entered into a contract with Jacob Binz, whereby said company agreed to furnish the material and construct for defendant a fuel tank in the basement of the Binz Building under the sidewalk on Texas Avenue in the city of Houston. Defendant agreed to pay therefor $1000. At the time the contract was made an ordinance of the city of Houston permitted the constructions

of such a tank under the sidewalk of the basement of said building. After the contract was made the supply company entered upon its performance, and within two days thereafter delivered in the basement of said building the system provided for in the contract and promptly delivered some other material for the construction of said tank and appurtenances. On the 8th day of April, 1902, an ordinance prohibiting the construction of said oil tank under the sidewalk was passed by the city council, and by reason of said ordinance the said company never constructed the oil tank and the material furnished by the supply company remained in the basement of said building. Said material was never accepted by Binz, and he never received any benefit from the work done, or the material so furnished. The supply company expended $648 on work done and material furnished on the contract. The supply company brought suit to recover this amount. It was held that Binz was not liable on a *quantum meruit,* because he had not accepted the same or received any benefit therefrom. It was further held that he was discharged from payment on the contract by reason of the passage of the ordinance by the city of Houston, making the performance impossible and illegal. This case, instead of supporting the appellant's contention, we regard as authority against it. The rule established by the authorities, as we understand it, is: That where one covenants to do an act lawful at the time, and an Act of the Legislature is subsequently passed making it illegal to do the act, the covenant of performance is thereby discharged. (Church v. New York, 5 Cowan, 538; Cordes v. Miller, 39 Michigan, 584; Stone v. Mississippi, 101 U. S., 814.) The express company is shown to have strictly performed its duties of a carrier in transporting the packages to their destination. They were excused and discharged from delivering to the consignee by reason of the passage of the Act of the Thirtieth Legislature, "Imposing an Occupation Tax on Persons, Firms or Corporations Handling Liquors C. O. D."

Appellant contends under its second assignment of error, under which the contention properly arises, that the C. O. D. tax law is unconstitutional in that it violates article VIII, section 1, of our State Constitution, which provides that "taxation shall be equal and uniform," and article VIII, section 2, which provides that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax," because the same is an unreasonable and unnatural classification, in that it is not a tax on the express business nor upon intoxicating liquors, nor upon the carriage of intoxicating liquors, but is a tax only on the C. O. D. feature of the carriage of intoxicating liquors which is merely an incident to the business. We do not agree to this contention. The law imposes an occupation tax on persons, firms or corporations handling intoxicating liquors C. O. D. The tax is imposed on the delivering of liquors and collecting from the consignee the price of the same and returning it to the consignor. This is not a necessary part of the business of express companies. In our opinion it constitutes a business in itself, and is not, as appellant contends, simply an incident to the express business, which business paid an occupa-

tion tax when the statute of 1907 was adopted. It is equal and uniform on all persons, firms or corporations delivering intoxicating liquors upon payment of the purchase money therefor. It affects all classes alike within the limits of the State. The law is a revenue law and is not prohibited by section 48, article III, of the Constitution, which provides, "that the Legislature shall not have the right to levy taxes nor impose burdens on the people except to raise revenues sufficient for the economical administration of the government." The Act was sufficient to protect the express company in refusing to deliver the C. O. D. packages. It was not required to pay an occupation tax, it being admitted that its gross receipts per office, at the various points named in the petition, did not amount to $5,000, the amount of the tax. But had its receipts amounted to $5,000 at such points, it was optional with the company whether it would pay the tax and secure a license or refuse to comply with the terms of the law. Nor was the express company authorized or required to treat the statute as void and unconstitutional. (Sessums v. Botts, 34 Texas, 348-350; same case approved in Boggess v. Howard, 40 Texas, 157; Black v. Epperson, 40 Texas, 185.) It would have been unlawful for the carrier to rebate the charges for returning the packages to the shipper and for this reason the court properly refused to render judgment therefor for plaintiff.

But if we are mistaken in holding the statute valid in imposing an occupation tax on persons, firms or corporations handling intoxicating liquors C. O. D., then we hold the statute is valid as a police regulation of the handling of intoxicating liquors. It is, we think, public history that a custom had grown up in the State for dealers in intoxicating liquors to ship packages of the same by express to counties and localities in which local option was in force consigned to fictitious persons or to persons who had not ordered the same, and then write to some person in such local option territory to call at the express office and get the package and pay the charges thereon. The express company would then, upon request, deliver the package and collect the charges and return the money to the dealer. This practice had the effect of defeating prohibition in local option territory. It was the object of the Legislature to prohibit or at least regulate this custom. This, in our opinion, the Legislature had authority to do. (San Antonio & A. P. Ry. Co. v. State, 79 Texas, 264.) It had authority to abrogate the C. O. D. feature of the liquor traffic, or to impose any burden thereon which tended to prevent the evasion of the local option statutes in counties or districts in which local option had been adopted. (Higgins v. Rinker, 47 Texas, 401; Pleuler v. State, 10 N. W., 488 (Neb.); Ex parte Dupree, 101 Texas, 150; Joliff v. State, 53 Texas Crim., 61.)

We conclude that the trial court properly rendered judgment for appellee and the same is affirmed.

*Affirmed.*