### E. F. SCHMIDT v. THE STATE.

No. 1323. Decided November 1, 1911.

Rehearing denied November 29, 1911.

**1.—Theft of Cattle—Continuance—Want of Diligence.**

Where, upon trial of theft of cattle, it appeared on motion for new trial that defendant had not used proper diligence to account for the absent testimony, and that the same was not probably true, there was no error in overruling the motion.

**2.—Same—Requested Charge.**

Where there was no evidence in the case which called for the requested charge, there was no error in refusing same.

Appeal from the District Court of Rains. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Berzett & Rodes,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the theft of cattle. He was adjudged guilty on a trial, and sentenced to two years confinement in the penitentiary.

The testimony shows beyond question that appellant sold the cow in question to Mit Cox in April, 1910, for which animal Cox paid him nineteen dollars. In May following the prosecuting witness, Fitzgerald, approached Cox, and, describing an animal that he had lost, asked Cox if he had seen such cow on the range. From the description Cox knew it was the cow he had purchased from appellant, and so informed Fitzgerald, and invited him to come and look

at the cow. Fitzgerald, before he went to see Cox, had been informed that Cox had the cow in his pasture, by a Mr. Trumbull. Fitzgerald says: "This cow was easily identified; she was low and chunky and red and had her horns sawed, and also had my brand on her." When Cox told Fitzgerald he had purchased the cow from appellant, Fitzgerald went to see appellant, and appellant told Fitzgerald he had purchased the cow from Jack Arnold. Fitzgerald then told him he was going to Cox's next day to see the cow, and invited appellant to meet him there. Appellant did so, and when Fitzgerald identified the cow, he paid Cox back the money he received from him. Jack Arnold says he never sold appellant that cow or any other cow at any time.

When the case was called for trial appellant filed a motion for continuance on account of the absence of Cale Adams, among other witnesses, alleging that "he expected to prove by Cale Adams that he (Adams) owned the cow appellant was charged with stealing, and that Adams had given him permission and authority to sell the cow, and that he, appellant, did have authority to sell and dispose of the cow." During the trial the attendance of Adams was secured. Adams testified that he had heard of a red cow in that range belonging to him, but he did not identify the cow sold by appellant to Cox as his cow, and testified positively that he had never given appellant permission to sell any of his cattle. The court, in approving the bill of exceptions to overruling the motion for continuance, endorses thereon: "Approved with the following explanation: The State contested this motion for new trial and showed by proof before the court the following facts: 1st, that the defendant was first arrested on this charge about the 15th day of May, 1910, and made bond to abide the action of the grand jury in said case; 2d, it was shown by Mr. Alexander, secretary of the grand jury, that while the grand jury was investigating this case and before an indictment was returned against the defendant, that the defendant appeared before the grand jury and asked them to have Bill Ross and his wife, Mrs. Cleo Ross, subpoenaed before the grand jury as witnesses in his behalf; that said witnesses were brought before said grand jury and gave testimony prior to returning the indictment; 3d, it was further shown by the State, by two of the grand jurors who investigated this case, that the witness W. C. or (Bill) Ross was before the grand jury and that he testified before said grand jury that he knew the cow in controversy and that he first saw said cow about his premises something like three weeks before he began plowing for a 1910 crop, and that he began plowing about the 1st of March, 1910.

"When this case was first called, motion for continuance was made on account of the absence of Cale Adams and Homer Coffer, of Van Zandt County, and Wes Jones, who was temporarily in Oklahoma. I postponed the case and got these absent witnesses, and they were present at the trial. The Ross witnesses appeared in the courtroom

after the argument in the case had been closed, and I was beginning to charge the jury. The testimony of the Ross family can not, in the light of the testimony of the grand jurors, be considered as newly discovered testimony, because the defendant knew of said testimony before the indictment was returned. None of these Ross witnesses, except Bill Ross, were asked for by the defendant until a good part of the evidence had been introduced. At that stage of the case defendant made application for all the Ross witnesses, except Bill Ross. As I considered it, there was no diligence used to get these witnesses, and in view of all the evidence in this case, when it was tried, and the evidence of the grand jurors as to the statements of the witness, Bill Ross, before that body, it doesn't occur to me that said testimony would have been probably true."

As thus qualified, we do not think the court erred in overruling the motion. Appellant's first explanation was that he purchased the cow in question from Jack Arnold. This was proven not to be true. His first application for a continuance was on the ground that Cale Adams owned the cow, and he could prove it by Adams and Homer Coffer, and that Adams had given him permission to sell the cow. This was proven false. Neither Adams nor Coffer testified that it was Adams' cow, and Adams positively testified that defendant had no authority to sell his cattle. His application during the trial was on account of the absence of witnesses by whom he stated he expected to prove that the cow was on the range long before Fitzgerald stated his cow had strayed away, but by none of them does he state he expected to prove that anyone else was the owner of the cow, or that he had authority to sell it.

Taking into consideration the positive identification of the cow as the property of Fitzgerald, that she was in his brand, and that appellant had made two explanations of his possession, one sworn to, both of which were proven false, we think the court was justified in concluding that the testimony of the other witnesses, if they had been willing to testify as alleged by defendant, was not probably true. Then when we take into consideration that when the case was first called for trial, none of the witnesses he later sought to continue the case on account of their absence were named in the first motion for a continuance, nor had a subpoena been issued for them, a total lack of diligence is shown.

Neither did the court err in refusing to give the special charge requested. There was no evidence in the case which called for such a charge. The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]