## W. W. CLAUNCH v. THE STATE.

### No. 4640.   Decided December 5, 1917.

**1.—Constitutional Law—License—Non-intoxicating Malt Liquor—Police Power.**

Article 157, Penal Code, Vernon's Texas Criminal Statutes, concerning the authority of the Legislature to pass an Act levying and collecting a State and county tax on the business of selling non-intoxicating malt liquors, is constitutional.   Following Ex parte Townsend, 64 Texas Crim. Rep., 350.

**2.—Same—Police Power—Rule Stated.**

The police power is not an arbitrary one, but has its limitations.   It is commensurate with but does not exceed the duty to provide for the real needs of the people in their health, safety, comfort and convenience as consistently as may be with private property rights.   Following H. & T. C. Ry. Co. v. Dallas, 98 Texas, 415, and other cases.

**3.—Same—Police Power—Statutes Construed.**

Since there is no precise limit laid down in advance, and each case must be determined upon its own merits, the precedents furnished by the decisions of the courts of Texas and other States, in passing upon the validity of a like or similar law, would be the best guide to a correct conclusion.

**4.—Same—Constitutional Law—Prohibition Law.**

Appellant's contention that if this law is intended to aid the enforcement of the laws of the State relating to the prohibition of the sale of intoxicating liquors, it is rendered void by section 20, article 16, of the Constitution, is untenable.   Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**5.—Same—Statutes Construed—Non-intoxicating Malt Liquors.**

Statutes and ordinances bringing the sale of non-intoxicating malt liquors within the control of the police power of the State have been upheld on numerous occasions.   Following Purity Extract and Tonic Co. v. Lynch, 229 U. S., 192, and other cases.

**6.—Same—Constitutional Law—Uniform Taxation.**

Article 157, P. C., First Vernon's Texas Criminal Statutes, page 92, is not void and does not conflict with section 2, article 5, of the Constitution of Texas, requiring equal and uniform taxation.   Following Joliff v. State, 53 Texas Crim. Rep., 61, and other cases.

**7.—Same—Practice on Appeal.**

In the absence of bills of exceptions and statement of facts, the law being constitutional and the information sufficient upon which to base a conviction, there was no reversible error.

Appeal from the County Court of Fisher.   Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of following the occupation of selling non-intoxicating malt liquors without license; penalty, a fine of fifty dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited

Ex parte Wood, 52 Texas Crim. Rep., 575, and other cases cited in opinion.

MORROW, JUDGE.—The conviction is for the unlawful pursuit of the occupation of selling non-intoxicating malt liquors without the payment of tax.

The prosecution is for violation of article 157, Penal Code, Vernon's Texas Crim. Stats., vol. 1, p. 92. The same law is discussed by this court in Ex parte Townsend, 64 Texas Crim. Rep., 350, and a statement of its details is not necessary. It is sufficient to say that it authorizes the levying and collection of a State and county tax aggregating the sum of three thousand dollars as a condition precedent to engaging in the business of selling non-intoxicating malt liquors.

It is claimed that the law is unconstitutional for various reasons. All may be summarized in the contention that it is an illegitimate use or an illegitimate exercise of the police power of the State. There is nothing original to be said concerning the scope of the police power, text writers and judges having exhausted the subject. A fair statement of it is made by Judge Williams, speaking for the Supreme Court wherein he uses the following language:

"The power is not an arbitrary one, but has its limitations. It is commensurate with but does not exceed the duty to provide for the real needs of the people in their health, safety, comfort and convenience, as consistently as may be with private property rights. As those needs are extensive, various and indefinite, the power to deal with them is likewise broad, indefinite and impracticable of precise definition or limitation."

From Ruling Case Law, col. 6, p. 221, we take the following:

"When necessary the Legislature may prohibit absolutely the maintenance of any particular business if the public safety or the public morals require its discontinuance; and the hand of the Legislature can not be stayed from providing for its discontinuance by any incidental inconvenience which individuals or corporations may suffer. A calling may not be immoral in itself, and yet the tendency of what is generally or ordinarily or often done in pursuing that calling may be towards that which is admittedly immoral or pernicious. If, looking at all the circumstances that attend, or which may ordinarily attend, the pursuit of a particular calling, the State thinks that certain admitted evils can not be successfully reached unless that calling be actually prohibited, the courts can not interfere, unless, looking through mere forms and at the substance of the matter, they can say that the statute enacted professedly to protect the public morals has no real or substantial relation to that object, but is a clear, unmistakable infringement of rights secured by the fundamental law.

"Since the limits of the police power of the State have never been defined with precision, and its boundary line can not be determined by any general formula in advance, recourse has been had to the gradual

process of judicial inclusion and exclusion. This gradual process of determining its limitation is due to the fact that it is easier to perceive and realize the existence of the police power, and to determine whether a particular case comes within the scope of the power, than to give a definition that will be applicable to all cases. The courts have been unable or unwilling definitely to circumscribe it, but instead have determined as each case is presented, whether it falls within or without the appropriate limits." (Id., p. 187.)

Since there is no precise limit laid down in advance, and each case must be determined upon its own merits, the precedents furnished by the decisions of the courts of Texas and other States, in passing upon the validity of a like or similar law, would be the best guide to a correct conclusion.

Appellant's contention that, if this law is intended to aid the enforcement of the laws of the State relating to the prohibition of the sale of intoxicating liquors, it is rendered void by section 20, article 16, of the Constitution, is met by the decisions of this court in Fitch v. State, 58 Texas Crim. Rep., 366, and by that of the Supreme Court of this State in Ex parte Dupree, 101 Texas, 150, in which the principle involved in this contention is rejected as unsound. Statutes and ordinances bringing the sale of non-intoxicating malt liquors within the control of the police power of the State have been upheld on numerous occasions. Commonwealth v. Henry, 110 Va., 879, 65 S. E. Rep., 570, 26 L. R. A. (N. S.), 883; Carroll v. Wright, 131 Ga., 728, 62 S. E. Rep., 260; Carswell v. Wright, 133 Ga., 714, 66 S. E. Rep., 905; Texarkana v. Hutchens Produce Co., 164 S. W. Rep., 736; Campbell v. Thomasvell, 64 S. E. Rep., 815; Bradford v. Jones, 135 S. W. Rep., 290; State v. Fargo Bottling Works, 124 N. W. Rep., 387, 26 L. R. A. (N. S.), 872.

In many instances laws prohibiting the pursuit of the business of selling non-intoxicating malt liquors have been upheld as a legitimate exercise of the police power, generally upon the principle that the indiscriminate sale and use of the article dealt in was injurious to public health and morals, or that the occupation was one, the pursuit of which necessarily tended toward pernicious practices affecting public health and morals. Instances of such holding are the following cases: Purity Extract and Tonic Co. v. Lynch, 226 U. S. Sup. Ct. Rep., 192, 57 L. Ed., 184; State v. Fargo Bottling Works, 124 N. W. Rep., 387, 26 L. R. A. (N. S.), 872; Luther v. State, 120 N. W. Rep., 125, 20 L. R. A. (N. S.), 1147, and notes; Fuller v. Jackson, 30 L. R. A. (N. S.), 1078.

The term "malt liquor" is generally understood to denote a liquor containing alcohol. The Century Dictionary defines it as follows: "A general term for an alcoholic beverage produced merely by the fermentation of malt as opposed to those obtained by the distillation of malt." Words and Phrases (2d series), vol. 3, p. 245; 23 Cyc., 60; LaFollette v. Murry, 91 N. E. Rep., 294; Marks v. State, 133 Am. St. Rep., 20. In the light of these decisions and those referred to above we would not

be justified in holding the statute in question an unwarranted exercise of the police power of the State.

The contention that the act is void as conflicting with section 2, article 8, of the Constitution, requiring equal and uniform taxation, based upon the proposition that the Act of the Thirty-first Legislature, page 294, prescribes a different license tax for the pursuit of the business of selling intoxicating malt liquors can not be upheld. The original act upon which this prosecution is founded is chapter 19, page 51, of the Acts of the Thirty-first Legislature, and the amendment adding a second section to the act is chapter 9 of the First Called Session of the same Legislature. Acts of the same Legislature under well established rules, are to be construed together. Joliff v. State, 53 Texas Crim. Rep., 61; Sneed v. State, 55 Texas Crim. Rep., 583.

One of these acts deals with the subject of the sale of intoxicating malt liquors. It could operate only in those portions of the State in which the sale of such liquors was not prohibited by law. Numerous restrictions and regulations are prescribed touching the time and place that sales thereof may be made and persons to whom they may be made, which restrictions are not embodied in the law in question touching the sale of non-intoxicating malt liquors. Doubtless the Legislature found sound reasons for the difference in the amount of tax prescribed in the two classes. There are no restrictions as to the time non-intoxicating liquors may be sold, or the persons who may buy or drink it, and except as it is involved in the amount of tax, none as to the place or the number of places at which the business may be conducted.

There are no bills of exception or statement of facts filed in time to authorize consideration. The only question presented is the validity of the law upon which the information is based. Having, for the reasons stated, determined that question against appellant, the judgment of the lower court is affirmed.

*Affirmed.*