## W. W. CLAUNCH v. THE STATE.

No. 4615.   Decided May 15, 1918.

**1.—Keeping Disorderly House—General Verdict.**

Where, upon trial of keeping a disorderly house under certain clauses of articles 496 and 500, P. C., the indictment containing several counts, two of which were submitted to the jury, who found a general verdict of guilty, im-

posing one penalty, and the evidence being sufficient to sustain either or both counts, there was no reversible error.

### 2.—Same—Constitutional Law—Statutes Construed—Indictment.

Articles 496 and 500, P. C., defining the offense of keeping a disorderly house, are valid and constitutional, and an indictment thereunder in conformity to the statutes is sufficient. Following Joliff v. State, 53 Texas Crim. Rep., 61.

### 3.—Same—Evidence—Internal Revenue—General Reputation.

Upon trial of keeping a disorderly house, charging that defendant as proprietor and lessee, etc., had caused to be posted license issued by the internal revenue collector, there was no error in admitting testimony that such license was seen by witness in defendant's place of business, and also testimony as to the general reputation of the house, and a certified copy of said license. Following Novy v. State, 62 Texas Crim. Rep., 492, and other cases.

### 4.—Same—Evidence—Labels.

Upon trial of keeping a disorderly house, there was no error in admitting in evidence labels on the bottles of the liquor purchased from defendant.

Appeal from the County Court of Fisher. Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of keeping a disorderly house, etc.; penalty, a fine of two hundred dollars and twenty days in the county jail.

The opinion states the case:

*E. H. Watson,* for appellant

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of keeping a disorderly house under certain clauses of articles 496 and 500, P. C.

The indictment was in several counts. Only two were submitted, hence it is unnecessary to state anything about the others. One of those submitted was under this part of article 496, viz:

"A disorderly house is any house located in any county where the sale of intoxicating liquor has been prohibited under the laws of this State in which such non-intoxicating malt liquor is sold or kept for the purpose of sale, as requires the seller thereof to obtain internal revenue license under the laws of the United States as a retail malt liquor dealer." And article 500, which is: "Any person who shall, directly or as an agent for another, or through any agent, keep or be concerned in keeping, or aid or assist or abet in keeping a disorderly house, in any house, building, edifice or tenement, shall be deemed guilty of keeping, or being concerned in keeping, or knowingly permitted to be kept, as the case may be, a disorderly house, and on conviction shall be punished by a fine of $200, and by confinement in the county jail for twenty days for each day he shall keep, be concerned in keeping or knowingly permit to be kept such disorderly house."

One count, the third, alleged that appellant, "on or about the 26th day of January, 1917, in the County of Fisher, State of Texas, and

anterior to the presentment of this indictment, did then and there keep and was concerned in keeping and knowingly permitted to be kept a certain house, building, edifice and tenement, situated in said county and State after an election had been held by the qualified voters of said county, on the 4th day of November, 1902, in accordance with the law to determine whether or not the sale of intoxicating liquor should be prohibited in said county, and said election had resulted in favor of prohibition in said county, and the Commissioners Court of said county had duly made, passed and entered its order declaring the result of said election, and absolutely prohibiting the sale of intoxicating liquors within said county, as required by law, and the county judge of said county had caused said order to be published in the manner and form and for the length of time required by law; and that the said W. W. Claunch did then and there, in said county and State, keep and was concerned in keeping, and knowingly permitted to be kept, the said certain house, building, edifice, and tenement for the purpose and in which non-intoxicating malt liquors were sold and kept for the purpose of sale, as required the seller thereof, to obtain internal revenue license under the laws of the United States as a retail malt liquor dealer."

The other, fourth, made the same allegations about the election and prohibition being put in force as the one just above copied and that "on or about January 26, 1917, W. W. Claunch was then and there the proprietor and lessee of a certain house, building, edifice and tenement, wherein said proprietor and lessee, W. W. Claunch, had posted and caused to be posted, license issued by the United States of America authorizing said proprietor and lessee thereof to pursue the occupation and business of a retail malt liquor dealer."

The jury convicted him under both counts, but imposed one penalty only. So that if the evidence was sufficient as to either, or both, conviction would be sustained.

This law itself and others like it in principle have so often been held valid and constitutional that we deem it unnecessary to discuss it, but merely cite some of the authorities. Johnson v. Elliott, 168 S. W. Rep., 968; Joliff v. State, 53 Texas Crim. Rep., 61; Bumbaugh v. State, 55 Texas Crim. Rep., 331; Tachini v. State, 59 Texas Crim. Rep., 55; Sweeney v. State, 59 Texas Crim. Rep., 370; Todd v. State, 60 Texas Crim. Rep., 199; Fitch v. State, 58 Texas Crim. Rep., 366, and a long line of decisions following that decision down to this date. Ex parte Dupree, 101 Texas, 150; Dupree v. State, 102 Texas, 455; Townsend v. State, 64 Texas Crim. Rep., 350; Claunch v. State, 82 Texas Crim. Rep., 355; Purity Extract & T. Co. v. Lynch, 226 U. S., 192, 57 L. Ed., 184, and a great many other authorities unnecessary to collate.

Both counts of said indictment were strictly in conformity to the statute and both good.

It has all the time and in many cases been held that a witness can testify that he saw hanging up in the accused's place of business the internal revenue collector's license as a retail malt liquor dealer, and

that a witness can testify to the general reputation of such house kept by the accused. Joliff v. State, 53 Texas Crim. Rep., 61; Johnson v. State, 69 Texas Crim. Rep., 107, 153 S. W. Rep., 875; Milam v. State, 66 Texas Crim. Rep., 249, 146 S. W. Rep., 185, and other cases cited by Mr. Branch in his 1 Ann. P. C., p. 612. The certified copy of the record of the internal revenue license to appellant as a retail malt liquor dealer which corresponded, as testified to by one witness, with the said revenue license posted in appellant's place of business, was properly admitted in evidence. 1 Branch's Ann. P. C., p. 66; Gersteman v. State, 35 Texas Crim. Rep., 318; Goble v. State, 42 Texas Crim. Rep., 501; Novy v. State, 62 Texas Crim. Rep., 492. In the Novy case he was charged and convicted for keeping a disorderly house. In that case this court held: "It is well established that such an offense as is charged in this case is a continuous one, and a conviction bars all further or other prosecutions up to the time of the conviction, unless the indictment or information carves out the time of the commission of the offense and the evidence, as well as the pleading, is confined to such time so carved out. Huffman v. State, 23 Texas Crim. App., 491; Fleming v. State, 28 Texas Crim. App., 434"; Handley v. State, 16 Texas Crim. App., 444; Hall v. State, 32 Texas Crim. Rep., 472. The court, therefore, did not err in permitting some of the witnesses to testify that they had seen posted in appellant's said place of business said internal revenue license about a week before this case was tried and about the same time bottles of said liquor were bought from appellant or one of his clerks. In said Novy case it was expressly held that purchases from the appellant's clerks or other employes were admissible, citing quite a number of decisions to that effect.

Neither did the court err in permitting the State to introduce in evidence the labels on the bottles of said liquor which had been purchased from appellant to the effect that it contained "twelve ounces and less than 2 per cent alcohol; has no superior. Sparkles with life. Teddy Beer, the acme of perfection. Made by an old German process from choicest materials. Teddy Beer, a fermented beverage"; and giving the name of the Consumers Brewing Company, New Orleans, as the distributors.

The court gave a correct charge under the law and correctly refused the special charges requested by appellant.

The judgment is affirmed.

*Affirmed.*