A. P. BUMBAUGH v. THE STATE.

No. 4576. Decided February 3, 1909.

**1.—Keeping Disorderly House.**

Upon trial for keeping disorderly house where the State's testimony showed a search and seizure of certain liquors found in defendant's possession about the time alleged in the indictment, there was no error in sustaining an objection to the question that at a certain preliminary trial it was shown that defendant had nothing to do with the place in question and that the case was dismissed as to him.

**2.—Same—Evidence—Consent.**

Upon trial for keeping a disorderly house there was no error in the court's refusal to permit defendant to show that the search and seizure of intoxicating liquors were made with his consent.

**3.—Same—Indictment.**

See opinion holding the indictment sufficient charging defendant with keeping a disorderly house.

**4.—Same—Bill of Exceptions.**

Where upon appeal there was no bill of exceptions to the matters complained of, the same can not be considered.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The testimony for the State showed that the defendant sold whisky, and that the general reputation of the place where defendant stayed was that it was a place where spirituous, vinous and malt liquors were

kept for sale and were sold; that the officers found a lot of whisky and beer in defendant's and another's possession; that the defendant had no license to sell such liquors; there was also testimony that he sold the same as an agent and employee of another; that defendant sold intoxicating liquors at different times and about the time alleged in the indictment.

The indictment charged the defendant as owner, lessee and agent in keeping a disorderly house in which were kept for sale spirituous, vinous and malt liquors without first having obtained a license.

*Sidney Wilson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of running a disorderly house, and his punishment assessed at a fine of $200 and twenty days imprisonment in the county jail.

Bill of exceptions No. 2 complains of the following: After the sheriff had testified for the State that he and one Oscar Kirk had made a seizure of certain liquors under a search warrant properly issued, and had found appellant at the place sometime in October, 1907, about the time alleged in the indictment, defendant's attorney asked the witness if at the certain trial following the search and seizure the evidence showed that the defendant had nothing to do with the place at that time and the case was dismissed as to him. The State objected to the question on the ground that it was immaterial and irrelevant, and the court sustained same. There was no error in the ruling of the court.

Bill No. 3 complains that the court would not permit appellant to prove by the sheriff that the search and seizure were made with the consent of the occupant of the building and of appellant. There was no error in this ruling of the court.

Appellant insists in his motion for a new trial-that the indictment is insufficient and void, because not in compliance with the law, and especially because it does not charge the offense of keeping a disorderly house, and does not say directly or as agent of another, then following the statutory charge. We hardly understand appellant's criticism of the indictment, but suffice it to say the indictment is in the usual and proper form.

Various other matters are complained of by appellant, but no bill of exceptions is reserved to the matters complained of and we can not review same. The court's charge is in line with the indictment, and is not upon the weight of evidence as appellant insists. We find no error in this record, and the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied March 17, 1909.—Reporter.]