### M. J. Sweeney v. The State.

No. 344. Decided January 26, 1910.

Rehearing denied May 18, 1910.

**1.—Disorderly House—Jury and Jury Law—Talesmen.**

On trial of keeping a disorderly house, there was no error in overruling defendant's motion to require that all the regular jurors drawn for the week be brought into court by process, before talesmen were summoned; eight regular jurors being in attendance, and no injury having been shown.

**2.—Same—Evidence—Cross-Examination—Discretion of Court.**

Upon trial of keeping a disorderly house, where it was not shown that the discretion of the court was abused in the cross-examination of the witness, there was no error. Following Thompson v. State, 11 Texas Crim. App., 51.

**3.—Same—Evidence—Withdrawal of Announcement—Surprise—Absent Testimony—Continuance.**

Where, upon trial of keeping a disorderly house, defendant claimed surprise, asking to withdraw announcement of ready, and the application for postponement and continuance did not show proper diligence, and that the alleged absent testimony would have secured a verdict more favorable to the defendant if admitted, there was no error. Following Hyden v. State, 31 Texas Crim. Rep., 401, and other cases.

**4.—Same—Election by State.**

In misdemeanor cases, the rule requiring the prosecution to elect on what counts in an indictment the prosecution will be based is not recognized.

**5.—Same—Evidence—Leading Question—Unwilling Witness.**

Upon trial for keeping a disorderly house, there was no error in permitting State's counsel to ask leading questions of an unwilling witness.

**6.—Same—Evidence—Paying Taxes.**

Upon trial of keeping a disorderly house, there was no error in admitting testimony that defendant paid taxes on certain fixtures contained in the alleged building. Following Wimberly v. State, 53 Texas Crim. Rep., 11.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial for keeping a disorderly house, the evidence showed the presence of the defendant at the alleged place as shown, also the sale of whisky and his participation therein, and his ownership of the building; that he paid the telephone, light and water bills, etc., same was sufficient to sustain the conviction.

Appeal from the County Court of Grayson.   Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*E. J. Smith* and *Head, Dillard, Smith & Head,* for appellant.— On question of continuance: Cunningham v. State, 20 Texas Crim. App., 162, and cases cited in opinion.

On question of selecting jury: Hanes v. State, 107 S. W. Rep., 818; Obenchain v. State, 35 Texas Crim. Rep., 490; Holmes v. State, 52 Texas Crim. Rep., 353, 106 S. W. Rep., 1160; Green v. State, 53 Texas Crim. Rep., 473, 111 S. W. Rep., 933.

*John A. Mobley,* Assistant Attorney-General, and *C. T. Freeman,* County Attorney, and *Jas. P. Haven,* Assistant County Attorney, for the State.—Cited cases in opinion.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Grayson County on five separate counts charging him, in substance, with unlawfully keeping and permitting to be kept on premises owned by him and under his control a disorderly house. His punishment was assessed under each count at a fine of $200 and twenty days confinement in the county jail.

The record is a very voluminous one, and contains, among other things, fifty-five bills of exceptions, thirty-eight of which, as the court states, were taken in less than an hour on the testimony of one witness who was being introduced. We have carefully examined the entire record, and think there is no error in the proceedings of the court below for which the judgment should be reversed. Most of the questions raised on the appeal were considered by us and ruled adversely to appellant in the cases of Joliff v. State, 53 Texas Crim. Rep., 61, and Bumbaugh v. State, 55 Texas Crim. Rep., 227, 116 S. W., 1152, and other cases following the case first named.

1. Without going into all the matters set up as grounds of the motion, it may be sufficient to say that the court did not err in overruling appellant's motion to require that all the regular jurors drawn for the week be brought into court by process before talesmen were summoned, it appearing that there were eight regular jurors in the box, and in addition that no injury was suffered by the court's action in respect to this matter. Articles 684-86, Code of Criminal Procedure.

2. Complaint is made that the court erred in limiting the cross-examination of the witnesses George Morrow and J. C. Comer. The matters sought to be inquired into were offered for the purpose of affecting the credibility of the witnesses, and related to matters quite remote from the case in hand. We think the discretion and judg-

ment exercised by the court in this matter is not the subject of review by us, and that such discretion was not abused by the trial court. Thompson v. State, 11 Texas Crim. App., 51.

3. During the trial application was made for leave to withdraw announcement of ready, and continue the case on account of surprise at the testimony of a witness introduced by the State. Appellant based this motion on account of the absence and for want of the testimony of one Zolly Lee. It was deficient and defective in that it failed to state that there was no reasonable expectation of securing the testimony of said witness during the present term of the court by a postponement of the trial to a future day thereof. Article 597, Code of Criminal Procedure, subdivision 6; Strickland v. State, 13 Texas Crim. App., 364; Thomas v. State, 17 Texas Crim. App., 437.

4. Nor was there any error committed by the trial court in overruling appellant's application to compel the State to elect on which count in the indictment the conviction would be sought. In misdemeanor cases the rule requiring the prosecution to elect on what counts in an indictment a prosecution will be based is not recognized. Street v. State, 7 Texas Crim. App., 5; Herod v. State, 56 S. W. Rep., 59.

5. Nor was there any error committed in permitting State's counsel to ask leading questions of the witness Love. Under the statement of the court, as confirmed by an examination of the testimony of this witness, he was a reluctant and an unwilling witness, and continually sought to evade questions asked him, and in this condition of affairs, with a view of eliciting the truth, it was well within the discretion of the court to permit counsel for the State to ask leading questions.

6. Nor did the court err in admitting the testimony of the witness Wood to the effect, in substance, that appellant paid taxes on certain fixtures contained in the building in which the business was charged to have been conducted. Wimberly v. State, 53 Texas Cr. Rep., 11. The presence of appellant at the place was shown by many witnesses, his knowledge of the sale of whisky, and his participation in such sales were shown by a number of witnesses, his ownership of the building was not questioned, that he paid the telephone, light and water bills on same appears, and indeed that he was closely connected with the business either in fact conducting it or knowingly permitting it to be conducted, we are satisfied beyond any doubt or question. The sentence and penalty is a very severe one, and yet, if continually and continuously he was violating the law, the validity of which has more than once been upheld by this court, we ought not, in mere weakness or sympathy, to seek to find an error where none in fact exists. In the condition of the record before us, where it seems every conceivable question was raised, we find no matter of substance upon which we would be justified in reversing the judgment of conviction.

So believing, it is ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*

ON REHEARING.

May 18, 1910.

RAMSEY, JUDGE.—When this case was submitted there was no brief filed or appearance made on behalf of appellant. The record, as stated, is quite a voluminous one, and there were many questions raised on the appeal. While these matters were carefully considered in the preparation of the opinion, none of them were treated at any very great length. Since the handing down of the opinion the able counsel for appellant have filed in this court a motion for rehearing, in which they insist that the court was in error in respect to more than one of the matters considered and treated in the opinion. We have not changed our opinion touching the merits of any question raised on the appeal, but feel it due to ourselves and counsel that we should write at some length on the assignment of error based on the refusal of the court to permit appellant to withdraw his announcement of ready and postpone or continue the case. We believe, too, on a more careful inspection of the record, that there is in the opinion an inaccurate expression, which does not truly and correctly reflect the facts.

In passing on the matter of the application for continuance, we stated, broadly, that same "was deficient and defective in that it failed to state that there was no reasonable expectation of securing the testimony of said witness during the present term of the court by a postponement of the trial to a future day thereof." While the exact language of the statute is not complied with, we think, in substance, at least, it is. The application for a postponement contains this statement: "That he has used the diligence above set forth to procure the attendance of this witness and is now unable to have him present during this trial and at this term of court on account of the witness' temporary absence from Texas and from Grayson County and from Denison, where he has lived for many years and now resides." It also contains the following statement: "That the absence of the witness Lee is temporary; that he will be present at the next term of this court and that he is not absent by the procurement, consent or connivance of the defendant and that he expects to have his attendance, and will have him in attendance, upon the next term of this court, but can not at this term." We think, therefore, in spirit, if not in letter, that the application is sufficient to show a substantial compliance with the statute in the respect indicated. We have, however, on the most careful examination concluded that the application for a postponement was insufficient for two reasons: First, it was shown beyond any doubt or question that for many months before this trial appellant knew that this witness Cromer

had testified, and he was visited with knowledge that he would testify that on the date named by him appellant had, at the place charged to have been kept as a disorderly house, sold to him intoxicating liquor, and he also knew that this fact was known to State's counsel. This is shown by the uncontradicted testimony taken on the hearing of the application. It does appear, however, that the case had theretofore been tried and resulted in a mistrial, and the witness Cromer had not been introduced by the State. It also appears that he had not been subpoenaed as a witness in the case. Cromer was shown to have been a farmer residing about two and one-fourth miles south of the town of Sherman at the date of the trial; that he had been employed by the sheriff to detect violations of the local option law. In this state of case it would seem that due diligence would have suggested to appellant the probability, if not indeed the certainty, that this witness, whose testimony was known to State's counsel as well as to himself, might or would be used, and that knowing as he did that Lee would contradict him in respect to the matters covered by his testimony, that proper diligence would have suggested and required him to have secured and compelled the attendance of Lee. The record shows that no process was sought for Lee until during or after the delivery of Cromer's testimony on the present trial. Again, we think, aside from the question of diligence, that while it may be conceded that the testimony of Lee was material, it was not of a character, under the circumstances, likely to have changed the result. The record shows that this was a second application for a continuance, and that beyond all doubt there was an utter lack of any sort of diligence to secure the testimony of the witness. Where this is the case, we understand the rule to be, as laid down in the case of Covey v. State, 23 Texas Crim. App., 388, that "It is not in every case, however, where the absent testimony is material and probably true, that this court would revise the ruling of the trial judge. It is only in a case where, from the evidence adduced on the trial, we would be impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before a jury a verdict more favorable to the defendant would have resulted." This case has been followed and approved in Hyden v. State, 31 Texas Crim. Rep., 401; Logan v. State, 39 Texas Crim. Rep., 575; Cordway v. State, 25 Texas Crim. App., 405; Hammond v. State, 28 Texas Crim. App., 413; Tweedle v. State, 29 Texas Crim. App., 586; Frizzell v. State, 30 Texas Crim. App., 42; Pruitt v. State, 30 Texas Crim. App., 156; Goldsmith v. State, 32 Texas Crim. Rep., 112; Browning v. State, 26 Texas Crim. App., 432; Lafferty v. State, 24 S. W. Rep., 507.

The doctrine is thus stated by Mr. White in his Annotated Code of Criminal Procedure, page 415: "The court on appeal will not reverse a judgment on account of the refusal of a postponement or

continuance unless, in connection with the other evidence adduced on the trial, they are impressed with the conviction not merely that the defendant might probably have been prejudiced in his rights by such ruling, or that it was reasonably probable that if the absent testimony had been before the jury, a verdict more favorable to the defendant would have resulted." Land v. State, 34 Texas Crim. Rep., 330.

There was in the record abundant testimony to sustain the conviction aside from that of the witness Cromer. The witness Morrow testified that he had purchased whisky at said place of business some five or six times. A. D. Nelson testified that he had purchased whisky in said house three or four times. The witness Tyree testified he had purchased at this house malt liquor producing intoxication. Love testified he had purchased whisky in said house on divers occasions from one to two and three times a week. That intoxicating liquors were sold in the house and kept for sale therein would, therefore, seem to be placed beyond doubt or dispute. It was shown and not disputed that no license were issued under the authority of this State to retail spirituous liquors in said house. It was admitted that appellant was the owner of lot 32, block 46, of the original town plat of Denison, known as 101 West Main Street, which is the place charged to have been kept as a disorderly house. If the testimony of Cromer be eliminated, there would seem rationally to be no other conclusion at which, if the witnesses are to be credited, the jury could have arrived. The testimony of the witness Preston shows that appellant paid the light bills of this building on the saloon part as well as the other parts of it. That if there was any part of it on which he did not pay the light bills, it was the restaurant part of the building. It was shown by the evidence of A. P. Wood that appellant paid the taxes upon the bar-room fixtrues. It was shown by the testimony of Carroll that appellant paid the telephone bills, not in the restaurant part of the building, but in his office part of it, which was directly in front of the bar-room, and which, by the testimony of Morrow, is shown to be connected by a door which led from appellant's office behind the bar and not in front of it. The testimony of Clemmons shows that he went to this place of business to purchase liquor, and the negro bartender did not know him, and refused to make the sale, whereupon appellant came in the room and said to the bartender: "This man is all right; I know him," and that the negro bartender, acting upon this authority, sold the liquor to the witness Clemmons. It was shown also by the evidence of Gibson and Morrow that when the law laid its hands upon this place where the evidence shows liquor was notoriously sold, that appellant appeared and said, in substance: "Hold on, you are in too big a hurry. I will phone a lawyer and replevy this property," and the record in this case also shows that he did replevy the property, consisting of bar fixtures, cork pullers, bottles, glasses, and the

icebox that belonged to the saloon kept in the building. So that it seems to us, aside from the matter of the question of diligence as affecting the action of the court in passing on the motion, that under the facts it is clear that if produced, the testimony of Lee would not likely have been of substantial benefit to appellant.

The other matters we deem unnecessary to discuss.

Believing that the original opinion is correct, it follows that the motion for rehearing should be overruled as is now done.

*Overruled.*