## CAL WOODWARD V. THE STATE.

### No. 446.  Decided March 2, 1910.

**Local Option—Insufficiency of the Evidence.**

Where, upon trial for a violation of the local option law, there appeared in the record on appeal no proof that local option was in effect in the county of the prosecution at the time of the commission of the alleged offense, and a motion for a new trial complained that the verdict of the jury was contrary to and unsupported by the evidence, there was reversible error.

Appeal from the County Court of McCulloch.  Tried below before the Hon. Harvey Walker.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, and *J. E. Brown,* County Attorney, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of McCulloch County, on October 12 of last year, finding appellant guilty of selling intoxicating liquors in violation of the local option law in said county, in which judgment his punishment was assessed at a fine of $25 and confinement in the county jail for a period of sixty days.

On the trial the State introduced one J. E. Hughes, who testified that about the date alleged in the information he was in the town of Brady and met appellant, and asked him if he had any whisky; that he said yes, and went upstairs in the Marsden Building and let him have a pint of whisky, for which he paid him seventy-five cents, and that he poured the whisky out of a jug.  Appellant, in his own behalf, testified that he did meet Hughes about the time in question, who wanted to know if he could buy some whisky from him, and that he told him he had a little for his own use, but had none to sell; that thereupon Hughes said he was bound to have some, and appellant told him if he would go upstairs he would give him a little; that he went upstairs and he gave him a small bottle of whisky; that he offered him one dollar for it but that he refused to take it, telling him at the time he was not selling the whisky, but was giving it to him.  He says further: "I refused to take the money.  I think Gabbert took the money, I am not sure, but I know that I did not take it."  On cross-examination he said that he had a jug of whisky upstairs in the Marsden Building at that time, and that he poured the whisky which he let Hughes have out of this jug.

The record contains two bills of exception which, however, as we believe, present no error.  We find in the statement of facts no proof

at all that local option was in effect in McCulloch County at the time of the commission of the alleged offense or any other time. We can not take judicial cognizance of the fact, if it be a fact, that local option is in effect in this county. This must be proved as any other fact in the case. There is in the motion for a new trial a complaint that the verdict of the jury and judgment of the court are contrary to and unsupported by the evidence. In the condition in which the record reaches us, we are compelled to hold that the judgment is without evidence to support it.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*