T<small>OM</small> T<small>ODD</small> v. T<small>HE</small> S<small>TATE</small>.

No. 763. Decided November 2, 1910.

**1.—Disorderly House—Keeping Spirituous and Vinous Liquors—Constitutional Law—General Reputation.**

 The Act defining a disorderly house as being a place kept by a person for the sale of intoxicating liquors is constitutional; and the State may prove the general reputation of the house.

**2.—Same—Former Conviction—Distinct Offense.**

 Where the defendant was indicted for keeping a disorderly house for the sale of intoxicating liquors and pursuing a business without license, he cannot plead as a defense that he had been indicted and convicted for the sale of whisky in local option territory.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

M<small>c</small>CORD, J<small>UDGE</small>.—Appellant was indicted and tried in the court below for keeping a disorderly house, to wit: a certain house where spirituous, vinous and malt liquors were sold without a license in the county of Grayson. The indictment contains several counts. His trial in the court below resulted in a conviction for keeping a disorderly house on the first day of June, the first day of July, fifteenth day of August and the first day of October, 1908, and his punishment assessed at a fine of $200 and twenty days in jail for each of said dates.

From this conviction appellant has appealed to this court asking for a reversal on the ground, first, that a jury was not selected in compliance with the law in that the jury was drawn under the provisions of the Act of the Thirtieth Legislature known as the jury wheel law. Second, that the Act defining a disorderly house as being a place kept by a person for the sale of intoxicating liquors without license is unconstitutional and void. Third, that in this character of a case it is not permissible in the court below to allow the State to prove the general reputation of the house; and, fourth, the appellant contends, and filed a plea in the court below, that he had already been convicted for the same offense on the dates mentioned, and,

therefore, he is not amenable in this prosecution. All of the questions except the last have been before this court and decided adversely to the appellant's contention. See Joliff v. State, 53 Texas Crim. Rep., 61, and Sweeney v. State, 59 Texas Crim. Rep., 344, 128 S. W., 390. In regard to the last question it may be stated that the plea of autrefois convict sets up that he had been indicted for selling whisky on the same dates as alleged in this indictment and had been tried and convicted for same. This plea was stricken out by the court below on the ground that it was not the same offense, but a different offense. Here the offense for which the appellant was being prosecuted is for being the keeper of a house and was concerned in keeping a house in which spirituous, vinous and malt liquors were sold and kept for sale without a license. The court below correctly overruled appellant's plea of former conviction as the offenses were distinct and separate. Here he is indicted for pursuing a business without license. The other cases which he pleads in defense of his action here, are where he was indicted and prosecuted for the unlawful sale of whisky in local option territory. It needs no argument to answer these questions. The plea was without merit.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*