## EMMA HITCHINGS v. THE STATE.

### No. 1547.   Decided February 7, 1912.

**1.—Keeping Disorderly House—Vagrancy Act—Statutes Construed.**

The Vagrancy Act of 1909 does not repeal or supersede the disorderly house statute.   Following Parshall v. State, 62 Texas Crim. Rep., 177.

**2.—Same—Evidence—General Reputation.**

Upon trial of keeping a disorderly house, testimony as to the general reputation of the house is admissible.   Following Joliff v. State, 53 Texas Crim. Rep., 61, and other cases.

**3.—Same—Charge of Court—Knowledge.**

Where, upon trial of keeping a disorderly house, there was evidence that the defendant had no knowledge that women of ill-fame were plying their vocation in her house or the house under her control, the court should have submitted defendant's special charge on this issue.

Appeal from the County Court of Potter.   Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200, and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—1.   A motion was made to quash the information and complaint under which this appellant was prosecuted and convicted on the ground that the law under which she was prosecuted was repealed and superseded by the law passed by the Legislature in 1909 —the Vagrancy Act.   This question has been decided adversely to appellant's contention in Parshall v. State, 62 Texas Crim. Rep., 177, 138 S. W. Rep., 759, and cases following that decision.

2.   It has also been held by this court that in cases wherein a person is charged with unlawfully keeping and knowingly permitting a house under his control to be kept as a place where prostitutes resort and reside for the purpose of plying their vocation, the general reputation of the house may be testified to by witnesses cognizant of the facts, and the bills presenting this question present no error.   Joliff v. State, 53 Texas Crim. Rep., 61; Sweeney v. State, 59 Texas Crim. Rep., 370; Todd v. State, 60 Texas Crim. Rep., 199.

3.   There are a number of grounds contained in the motion for a new trial, but we do not deem it necessary to discuss any others except those contained in the fourth and fourteenth grounds of the motion for a new trial, both of which relate to the same matter.   Appellant requested the court to charge the jury that unless they found that appellant had knowledge that the women in the house were prostitutes and plying their vocation, they would acquit her, and complains of the

failure of the court to give this charge, and the failure of the court in his main charge to instruct the jury that she must have such knowledge of such facts before they would be authorized to convict her. The witnesses Ray, Gibbs, and Policeman Snider testify to such facts as would perhaps authorize the jury to find that she had knowledge of the character and conduct of the inmates of the house, if the jury should believe their testimony, yet appellant testifies positively she did not know that any of the inmates were prostitutes or had been guilty of any improper conduct. The court may have given but little weight to her testimony, yet her testimony made the question an issue in the case, and she had the right to have her defense presented in an affirmative manner where she presents a special charge asking that it be done. And where this is done, and an exception taken to the refusal of the court to give such charge, and the matter complained of in the motion for a new trial, it will cause a reversal of the case. Her testimony presented the issue squarely, and her testimony is in a measure supported by the witness Blackburn and Rather, and if some of the inmates had conducted themselves improperly she would not be guilty of any offense, unless she had knowledge of the conduct of the inmates, or knew that they were prostitutes, and the charge presenting her defense affirmatively should have been submitted to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*