## JAMES WARNER v. THE STATE.

### No. 1751.   Decided May 1, 1912.

**1.—Sunday Law—Indictment—Purchaser—Election by State.**

Under Article 464, Code Criminal Procedure, for selling intoxicating liquors, it is essential to name in the indictment the person to whom the sale is made, but under Article 615, Penal Code, for selling or keeping open for traffic on Sunday both modes of violation may be made in the same count, and where the indictment is good on the count of keeping open for traffic and bad in charging a sale, the conviction can be maintained under the count which is good and it was not necessary for the State to elect.

**2.—Same—Rule Stated—Presumption—Indictment.**

Where there are several counts in the indictment one of which is good

and the others bad and the verdict is general, the conviction can be maintained under the good count of the indictment, as the presumption on appeal is that the conviction is upon the good count.

**3.—Same—Sufficiency of the Evidence.**

    In the absence of a statement of facts it must be presumed that the evidence was sufficient to support the conviction under the good count of the indictment.

Appeal from the County Court of Galveston.   Tried below before the Hon. S. T. Fontaine.

Appeal from a conviction of violating the Sunday law; penalty, a fine of $25.

The opinion states the case.

*T. C. Turnley* and *O. S. York,* for appellant.—On the question of the insufficiency of the indictment:   Fitch v. State, 58 Texas Crim. Rep., 366; Behrens v. State, 42 id., 629; Dixon v. State, 21 Texas Crim. App., 517; Mosley v. State, 18 id., 311.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The grand jury of Galveston County, on July 6, 1911, indicted the appellant for violating one of the Sunday laws.   The charging part of the indictment is as follows:  "That James Warner, late of the county aforesaid, on or about the 2d day of the month of July in the year of our Lord One Thousand Nine Hundred and Eleven in the said county of Galveston and the State of Texas, with force and arms, was then and there a retail malt liquor dealer, having a license therefor, and was then and there engaged in the sale of intoxicating liquors to be drunk on the premises in a locality of this State, other than where local option is in force, to wit, beer, an intoxicating liquor, and he, the said James Warner, did then and there open and keep open his place of business for the purpose of traffic and did then and there sell intoxicating liquor, to wit, beer, between the hours of 12 o'clock midnight, Saturday, July 1, 1911, and 5 o'clock a. m. the following Monday, July 3, 1911."

The article of the Penal Code under which this prosecution was had is 615, enacted by the Act of 1909, p. 294.   The article is: "Every person or firm having a license, who may be engaged in or who may hereafter engage in the sale of intoxicating liquors to be drunk on the premises (in any locality of this State, other than where local option is in force), shall close and keep closed their houses and places of business and transact no business therein or therefrom from and after 12 o'clock midnight Saturday until 5 o'clock a. m. of the following Monday of each week; and any such person or firm, or his or their agent or employee, who shall open or keep open, or permit to be opened or kept open, any such house or place of business for the purpose of traffic, or who shall sell or barter any intoxicating liquor

of any kind, cr who shall transact or permit to be transacted therein or therefrom any such business, between the hours aforesaid, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not less than twenty-five dollars nor more than two hundred dollars, or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment."

There is no statement of facts in this case. Neither is there a bill of exceptions. The only question necessary to be passed on is appellant's motion to quash the indictment, which was overruled by the court below.

The grounds of the motion to quash are: 1. Because the indictment does not state that any sales were made. 2. It does not state the name or names of the party or parties to whom liquor or beer was sold, nor that the names of such parties were unknown to the grand jurors. 3. It does not state at what time sales of liquors or beer were made. 4. It states no offense against the laws of Texas. 5. It does not state specifically and clearly that appellant was a retail liquor dealer, nor that he was a retail malt dealer, but only states in an uncertain, indefinite and ambiguous way that he was a retail malt liquor dealer. 6. It does not state that appellant conducted said business as a person or firm permitted by law to sell liquors or beer.

It will be noted that the statute above quoted makes at least two separate and distinct offenses. One is to open or keep open on Sunday between the hours of 12 o'clock midnight Saturday and 5 o'clock a. m. Monday, a place of business for the purpose of traffic. The other is, anyone who shall sell or barter any intoxicating liquor of any kind between said hours. Each sale within said hours is a separate offense.

Our statute, Code Criminal Procedure, article 464, expressly requires: "In an indictment for selling intoxicating liquors in violation of any law of this State, it shall be sufficient to charge that the defendant sold intoxicating liquors contrary to law, *naming the person to whom sold,* without stating the quantity sold; and, under such indictment any act of selling in violation of the law may be proved." As we understand this statute, so far as a violation of the law in making a sale is concerned, it is essential to name in the indictment the person to whom the sale is made, but that proof of sales to other persons may be made for the purpose of showing the sale to the person named. In any event, that the indictment itself must charge the name of the person to whom the sale is made. This has been in uniform holding of this court. Dixon v. State, 21 Texas Crim. App., 517; Moseley v. State, 18 Texas Crim. App., 311, and the other cases therein cited. It is unnecessary to cite other cases.

An indictment or information for selling or keeping open for traffic on Sunday, under the statute under which this prosecution is had, may charge both modes of violation and in the same count, and the offenses, being misdemeanors, the State can not be required to elect

upon which count it will proceed. Brown v. State, 38 Texas Crim. Rep., 597; Hall v. State, 41 Texas Crim. Rep., 423; Herod v. State, 41 Texas Crim. Rep., 597. So that the indictment in this case is only fatally defective in charging a sale, and is perfectly good on the other count of opening or keeping open for traffic.

It is the well settled law of this State, even in felony cases, but especially in misdemeanors, that when there are several counts in an indictment, some good and others bad, or only two—one good and the other bad—and there has been no election or dismissal as to the bad counts—and the verdict is a general one, it will be applied to the counts which are good, or to the good count, and the presumption on appeal is that the conviction was upon the good count. King v. State, 10 Texas, 281; Henderson v. State, 2 Texas Crim. App., 88; Boren v. State, 23 Texas Crim. App., 28; English v. State, 29 Texas Crim. App., 174; Southern v. State, 34 Texas Crim. Rep., 144; Pitner v. State, 37 Texas Crim. Rep., 268; Isaacs v. State, 36 Texas Crim. Rep., 505; Fry v. State, 36 Texas Crim., 582; Shuman v. State, 34 Texas Crim. Rep., 69.

There being no statement of facts in this case, we must necessarily presume that the evidence was ample to support the charge on the good count and that the jury and court below applied the verdict to that count.

The judgment will be affirmed.

*Affirmed.*