## JACKSON v. STATE.

(Court of Criminal Appeals of Texas.   June 4, 1913.)

1. INTOXICATING LIQUORS (§ 205\*)—SALES IN PROHIBITION TERRITORY — INDICTMENT — PRESUMPTIONS.

An indictment charging an illegal sale of intoxicating liquor after the adoption of prohibition, which does not allege when prohibition was adopted, charges prima facie a felony when the offense was committed after the felony statute went into effect.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 225; Dec. Dig. § 205.\*]

2. CRIMINAL LAW (§ 276\*)—INDICTMENT AND INFORMATION (§ 159\*) — ILLEGAL SALES — ADOPTION OF PROHIBITION—INDICTMENT.

The date on which prohibition was adopted is a matter of form and accused to take advantage thereof must plead to the jurisdiction, and the state may amend the indictment showing the date of the adoption of prohibition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 636, 637; Dec. Dig. § 276;\* Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. § 159.\*]

3. INTOXICATING LIQUORS (§ 223\*)—VIOLATION OF PROHIBITION LAW—ADOPTION OF PROHIBITION—PROOF—NECESSITY.

A conviction for violating the prohibition law in any county or subdivision thereof cannot be sustained, in the absence of proof that prohibition was adopted and in force at the time of the alleged violation.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–274; Dec. Dig. § 223.\*]

4. CRIMINAL LAW (§ 304\*)—EVIDENCE—JUDICIAL NOTICE — FACTS OF COMMON KNOWLEDGE.

The court cannot take judicial notice that prohibition is in force in any county or subdivision thereof, and the personal knowledge of the presiding judge on a trial for selling liquor in prohibition territory is not judicial knowledge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 295½, 700–717; Dec. Dig. § 304.\*]

5. INTOXICATING LIQUORS (§ 239\*)—ILLEGAL SALES IN PROHIBITION TERRITORY — EVIDENCE—INSTRUCTIONS.

The court on a trial for the sale of intoxicating liquor in alleged prohibition territory can only charge that prohibition is in force where proof has been made of the orders for the election, of the commissioners' court declaring the result in favor of prohibition, and putting prohibition in force, and of the publication of the order putting prohibition in force.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 331–347; Dec. Dig. § 239.\*]

Appeal from San Saba County Court; J. T. Hartley, Judge.

John Jackson was convicted of selling intoxicating liquors in prohibition territory, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J.   The grand jury of San Saba county indicted appellant and another jointly for an illegal sale of intoxicating liquors after an election putting prohibition in force had been had, properly declared, and published.

The indictment charges the offense to have been committed on September 7, 1912. After the indictment was properly returned and filed in the district court, the district judge made an order that as the indictment was for a misdemeanor the district court had no jurisdiction thereof and properly transferred the case to the county court. There was a severance and appellant tried first.

[1] The indictment does not allege when the election was held in San Saba county, nor when prohibition therein went into effect. This court has uniformly held that where the indictment does not allege when prohibition went into effect, and that the offense was committed after the felony statute went into effect, that the indictment prima facie charged a felony. Enriquez v. State, 60 Tex. Cr. R. 580, 132 S. W. 782; Garner v. State, 62 Tex. Cr. R. 525, 138 S. W. 124.

[2] This court has also uniformly decided that the date on which a prohibition election was put in force was a matter of form, and, in order for a defendant to take advantage thereof, it was necessary to properly plead to the jurisdiction, but that the state could amend the indictment, or complaint and information showing the date prohibition was put in force. Hamilton v. State, 145 S. W. 348. We merely call attention to these matters so that the parties in the lower court can govern themselves in accordance with said decisions. There is but one question raised necessary to be decided.

[3, 4] This court has uniformly held, and there are a large number of decisions to that effect, that a conviction for violating the prohibition law in any county or subdivision thereof where prohibition has been adopted cannot be sustained, unless proof was made showing that prohibition had been adopted and was in force at the time the alleged violation occurred; that the courts cannot take judicial notice that prohibition is in force in any county or subdivision thereof. The personal knowledge of the presiding judge is not judicial knowledge.

[5] After proof has been made in the case by showing the order for the election, the order of the commissioners' court declaring the result favorable to prohibition and the order putting prohibition in force, and showing the publication of the order, then the court can charge the jury that prohibition is in force, but it cannot do so unless this proof or other to the same effect is made. Dorman v. State, 141 S. W. 526; Ellis v. State, 128 S. W. 1125; Woodward v. State, 58 Tex. Cr. R. 411, 126 S. W. 270; Kinnebrew v. State, 150 S. W. 775, 776; Poudrill v. State, 61 Tex. Cr. R. 431, 135 S. W. 126, and a large number of other cases unnecessary to cite. In this case the judge of the lower court erroneously held that he had judicial knowledge that prohibi-

tion was in force in San Saba county, and the statement of facts shows that no evidence was introduced to show that prohibition was in force. This was properly raised by the appellant at the time in the court below in various ways. This was error for which the judgment must be reversed. There is nothing else raised necessary to be decided.

The judgment is reversed, and the cause is remanded.