LIGON v. STATE. (No. 4623.)

(Court of Criminal Appeals of Texas. Nov. 14, 1917.)

1. INDICTMENT AND INFORMATION ⬨130—CHARGING TWO MISDEMEANORS IN SAME COMPLAINT AND INFORMATION.

The misdemeanors of riot and of unlawful assembly were chargeable in the same complaint and the same information.

2. INDICTMENT AND INFORMATION ⬨132(7)—ELECTION BETWEEN OFFENSES CHARGED IN SEVERAL COUNTS.

In a prosecution by complaint and information for the offense of unlawful assembly, there being several counts charging the offense, while defendant was also charged with riot, the trial court properly refused to require the state to elect as between the offenses charged in the several counts.

3. CRIMINAL LAW ⬨622(1)—APPLICATION FOR SEVERANCE—POWER TO OVERRULE.

In view of Code Cr. Proc. 1911, art. 791, making defendants charged with the same offense growing out of the same transaction incompetent witnesses for defendant, and Pen. Code 1911, art. 91, providing that coindictees may claim a severance, and, if any one or more be acquitted, he or they may testify in behalf of the others, defendant, charged with unlawful assembly, having complied with Code Cr. Proc. 1911, art. 727, providing the procedure for obtaining severance, by averring under oath in his motion therefor that the evidence of his codefendants charged by separate information would be material to his defense, and that he verily believed that there was not sufficient evidence against them to secure conviction, the trial court was without discretion to overrule defendant's motion for severance without sufficient reasons, which should be shown in the record.

Appeal from El Paso County Court; E. B. McClintock, Judge.

E. L. Ligon was convicted of the offense of unlawful assembly, and he appeals. Judgment reversed, and cause remanded.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was prosecuted under complaint and information for the offense of unlawful assembly, which is defined in our statute (article 435, P. C.) as follows:

"An 'unlawful assembly' is the meeting of three or more persons with intent to aid each other by violence, or in any other manner either to commit an offense, or illegally to deprive any person of any right, or to disturb him in the enjoyment thereof."

There were several counts in the information charging this offense, and in the same information appellant was charged with riot, as defined in article 451, P. C. His conviction was for unlawful assembly, and his punishment fixed at a fine of $100.

[1] In the motion to quash the information it is attacked in a number of grounds. Without reviewing the details, we think that the elements of the offense of unlawful assembly were sufficiently set out in the pleading. The reported decisions of this court with reference to this character of prosecution are listed in 39 Cyc. 832, note 4. It is claimed that there was vice in the pleading in that the offense of riot and that of unlawful assembly were charged in the same proceeding. Both were misdemeanors and were chargeable in the same complaint and same information. Alexander v. State, 27 Tex. App. 532, 11 S. W. 628; Warner v. State, 66 Tex. Cr. R. 356, 147 S. W. 265; McKinney v. State, 68 S. W. 176; Vernon's C. C. P. p. 243.

[2] There was no error in refusing to require the state to elect as between the offenses charged in the several counts. Gould v. State, 66 Tex. Cr. R. 421, 147 S. W. 247; Tucker v. State, 65 Tex. Cr. R. 627, 145 S. W. 611; Sweeney v. State, 59 Tex. Cr. R. 370, 128 S. W. 390; Bivens v. State, 97 S. W. 87; Thompson v. State, 32 Tex. Cr. R. 265, 22 S. W. 979; Brown v. State, 38 Tex. Cr. R. 597, 44 S. W. 176; Woodward v. State, 58 Tex. Cr. R. 411, 126 S. W. 270; Vernon's C. C. P. p. 247.

[3] It was alleged in the information that in committing the offense charged appellant acted with a number of other persons named in the pleading. Appellant made a timely motion for a severance and for separate trials, to which motion he attached the separate informations against several coprincipals. Article 791, Code Cr. Proc., makes

those who were charged with the same offense growing out of the same transaction incompetent witnesses for appellant. And article 791, supra, and article 91, P. C., provide that where so indicted they may claim a severance, and if any one or more be acquitted, they may testify in behalf of the others. Article 727, C. C. P., provides the procedure for obtaining severance. Appellant's motion was in full compliance with the article last named, averring under oath that the evidence of his codefendants charged by separate information would be material to his defense, and that he verily believed there was not sufficient evidence against them to secure a conviction. The order of trial was suggested in the affidavit, and no opposition filed to it so far as disclosed by the record. There is no reason assigned, so far as the record before us discloses, for the refusal to grant the motion to sever. The appellant having complied with the statute in making his application for a severance, to which the statute entitled him, the trial court was without discretion to overrule it without sufficient reasons, which should be shown in the record. Branch's Ann. P. C. pp. 375, 376, and cases cited.

Because of the refusal of the court to grant the order of severance, the judgment of the lower court is reversed, and the cause remanded.