AMBROSE STUBBLEFIELD V. THE STATE.

No. 6989.  Decided May 24, 1922.

Misdemeanor Theft—Severance—Practice in Trial Court.

Where the appellant in the instant case complied with the statute in his motion for severance, the court was not warranted in refusing his demand. Following Ligon v. State, 82 Texas Crim. Rep., 147, 198 S. W. Rep., 787.

Appeal from the County Court of Hopkins. Tried below before the Honorable Homer L. Pharr.

Appeal from a conviction of theft of turkeys; penalty, a fine of $5, and six days confinement in the county jail.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for misdemeanor theft. The appellant and one, Lindsey, were, by separate complaint and information, charged with the theft of two turkeys from one Herman.

The appellant, in due form and proper time, filed a motion for a severance and that Lindsey be tried first. It appears from the bill that Lindsey was present and ready for trial; that no opposition was urged by him against the order of trial suggested in the motion. The statutes accord the right of severance and prescribe the procedure therefor. See Articles 791 and 727, Code of Crim. Proc., and Art. 91 of the Penal Code. The appellant, in the instant case, having complied with the statutes, the court was not warranted in refusing this demand. This is conceded by the State through the Assistant Attorney General. The precedents are found in Branch's Ann. Tex. Penal Code, pp. 375 and 376. See also Ligon v. State, 82 Texas Crim. Rep., 147, 198 S. W. Rep., 787.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*