State *v.* Cofren.

———◆———

STATE *versus* NOAH G. COFREN.

On the trial of an indictment for being a common seller of intoxicating liquors, no evidence of any acts of the respondent committed more than two years before the indictment was found, can legally be introduced.

When an offence consists of a succession of acts, the indictment may properly charge that the offence was committed on a given day "and on divers other days and times between that day and the day of the finding of the indictment."  Such an indictment is not bad for duplicity.

In such case, it is not fatal to the indictment that the time embraced in the charge commenced more than two years before the indictment was found.

ON EXCEPTIONS.

INDICTMENT against the respondent for being a common seller of intoxicating liquors, found at the term of the Court held on the third Tuesday of October, A. D., 1860.  The indictment alleged that the offence was committed " on the first day of September, in the year of our Lord one thousand eight

hundred and fifty-eight, and on divers other days and times, between said first day of September, aforesaid, and the day of the finding of this indictment."

After verdict against him, the respondent moved in arrest of judgment, because,— 1st. The indictment alleges that the defendant was a common seller, from September 1st, 1858, up to the finding the indictment; whereas it is not competent to include within the time charged more than two years time, as the time charged is barred by the lapse of two years.

2d. The charge is that defendant was a common seller at divers and sundry times, between said September 1st, 1858, and the date of the finding said indictment. The indictment contains but one count, and is therefore double.

The presiding Judge (GOODENOW, J.,) overruled the motion, and the respondent excepted.

*Linscott & Pillsbury,* for respondent.

This prosecution is barred by the lapse of two years after the offence was committed. 39 Maine, 354.

Every allegation, therefore, in the indictment may be true, and yet the defendant be entitled to an acquittal.

In such cases, judgment should be arrested.

In an indictment, every material fact necessary to constitute the offence charged must be set forth with *certainty, as to the time.* 35 Maine, 205.

The only certain time charged in this indictment is the first day of September, A. D., 1858. But an offence committed on that day is barred by the statute of limitations.

Nor is the indictment aided by the allegation of "and on divers other days," &c.

This destroys the prerequisite of certainty, and introduces other offences into the same count, and thus makes the indictment bad for duplicity.

*Drummond, Attorney General,* for the State, cited, *State* v. *Hobbs,* 39 Maine, 212, and *The People* v. *Stanwood,* 9 Cowen, 655.

The opinion of the Court was drawn up by

TENNEY, C. J.—The defendant was indicted and convicted of being a common seller of intoxicating liquors, without any lawful authority, license or permission, on the first day of September, A. D., 1858, and on divers other days and times, between said first day of September, aforesaid, and the day of the finding of the indictment. The defendant filed a motion in arrest of judgment:—1st. Because a longer time than two years is included in the indictment, within which he is charged with being a common seller, &c. 2d. Because the defendant being charged with being a common seller at sundry times, between the first day of September, 1858, and the date of the indictment, which contains but one count, the indictment is therefore double.

In a case of this kind, no evidence can be legally introduced of any acts of the defendant committed more than two years before the indictment was found. But the fact, that the time in the charge commenced more than two years before the finding of the bill, is no objection to the indictment.

When the offence, from its nature, presupposes a succession of acts to constitute it, it is not improper that it should be charged as having been done on different days and times, within a specified period; and no evidence can be heard against the accused of acts done either before or after this time; and the form in this case is unobjectionable and constitutes but one offence.

Any evidence tending to show that acts were committed by the defendant, at any time during the period covered in the indictment, which were pertinent, were admissible, provided they did not take place beyond two years before the finding of the indictment. *State* v. *Hobbs,* 39 Maine, 212; *Commonwealth* v. *Elwell,* 1 Gray, 463. *Exceptions overruled.*

APPLETON, CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.