[No. 2418.]

22  441
29  183

## FRANK HICKMAN v. THE STATE.

THEFT—INDICTMENT—ARREST OF JUDGMENT.—See the opinion *in extenso* for the charging part of an indictment for theft, which, charging two distinct offenses in a single count, is bad for duplicity; wherefore the defendant's motion in arrest of judgment should have prevailed.

APPEAL from the District Court of Llano. Tried below before the Hon. A. W. Moursund.

The opinion sufficiently discloses the case. The penalty assessed by the verdict was a term of seven years and six months in the penitentiary.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. The indictment in this case charged that the appellant, in the county of Llano, "did fraudulently take, steal and carry away from and out of the possession of one Frank Warnica, who was then and there holding the same for the owner, one animal of the horse species, of the value of fifty dollars, the property of one Ira Kuykendall; one saddle, bridle and blanket, from and out of the possession of said Frank Warnica, and the corporeal personal property of said Frank Warnica. Said saddle was worth once of the value of twenty dollars; said blanket and bridle were worth two dollars each, and said animal of the horse species, and said saddle, bridle and blanket were then and there, at one and the same time, fraudulently taken and carried away by the said Frank Hickman, without the consent," etc.

The appellant, being convicted, moved in arrest of judgment, on the ground that the bill of indictment was duplicitous. His motion was overruled and he excepted, and his counsel assigns this as error.

The indictment in this case contains but one count, in which two different and distinct felonies, with different penalties, are

charged. This being the case, the motion in arrest was well taken. (Heineman v. The State, ante, p. 44.)

When we look at the verdict in this case, it demonstrates this conclusion. The verdict is as follows: "We, the jury, find the defendant, Frank Hickman, guilty as charged in the indictment, and assess his punishment at seven years and six months in the State penitentiary."

Now, of what did the jury find him guilty? Theft of a horse, or theft of personal property of a certain value? We are left to conjecture. We are not, however, to be understood as holding that any character of verdict could cure the defect in the bill of indictment in *this* case. It has that effect in some cases of duplicity, but not in cases of this character. (Whart. Cr. Pl. and Pr., 8 ed., sec. 255.) The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered November 27, 1886.