## CITY OF DEADWOOD V. ALLEN.

A complaint for violation of a city ordinance making it a criminal offense "to keep" for sale at retail specified articles, including "light drinks of various kinds to be drank upon the premises," without a license, which sufficiently lays the venue, and charges that defendant, on the 1st day of a certain month, and "on divers and sundry other days during said month," kept the articles specified in the ordinance for sale within the city, "county and state aforesaid," without first having obtained a license, is sufficient, the averment "on divers and sundry other days during said month" being rejected as surplussage; and it was unnecessary to aver specific sales of the articles, or that the light drinks were drank upon the premises.

(Opinion filed June 17, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Defendant was convicted in a police justice court of violating a city ordinance, and from a reversal by the circuit court of the judgment of conviction the city appeals. Reversed.

The facts are stated in the opinion.

*John R. Wilson,* for appellant.

The complaint is sufficient. § 7250, Comp. Laws; State v. Harris, 50 Minn. 128, 52 N. W. 387; 1 Dill. Mun. Corp., § 414 (347); 1 Bish. Cr. Prac. § 611 and cases cited; Wharton's Cr. Law, § 1528 a, 9th Ed; Id. § 1498 a; People v. Sweetser, 1 Dak. 308-315; People v. Adams, 17 Wend. 479; 1 Chitty Cr. Law, §§ 218, 180, 74; 1 Chitty's Pl. 232; Com. v. Pray, 13 Pick. 359; Town of Eldora v. Burlingame; 17 N. W. 148; Wells v. Com. 12 Gray 326; City of Elkhart v. Calvert, 126 Ind. 6; 1 Bish. Crim. Proc., § 374; State v. Comfort, 22 Minn. 271; State v. Holong, 38 Minn. 368-370; State v. Keith, 47 Minn. 560, 50 N. W. 691; State v. Beaver, 53 Iowa 735, 6 N. W. 62 and cases cited; State v. Mohr, 53 Iowa 261; Beebe v. U. S., 2 Dak. 292–304, 11 N. W. 505–510; City of St. Louis v. Wentzel, 31 S. W. 1045.

*Robert N. Ogden,* for respondent.

The complaint is insufficient, being vague, indefinite and uncertain. State v. Butcher, 1 S. D. 401; State v. Hafsoos, 1 S. D. 382, 47 N. W. 400; State v. Burchard, 4 S. D. 548, 57 N. W. 591.

FULLER, J.   Upon a complaint duly verified the defendant was charged and tried in police court for the violation of the following ordinance of the city of Deadwood: "Every person or firm who keeps for sale at retail, in the city of Deadwood, cigars, cigarettes, tobacco, soda water, mineral waters and other light drinks of various kinds, to be drank upon the premises, the manufacture and sale of which is not prohibited by the laws of this state, shall pay a license of three hundred dollars per annum, which shall be payable monthly in advance. * * * Any person who shall violate any of the provisions of this chapter, shall, upon conviction thereof, pay a fine of not less than ten dollars nor more than one hundred, and each and every day that such person, or persons, shall neglect or refuse to comply with the provisions of this chapter, shall be a violation and offense, for which, upon conviction, he shall be subject to a like penalty."   The trial terminated in a conviction as charged in the complaint, and the justice entered judgment for $36.70, including a fine of $25 and $11.70 taxable costs, and it was therein ordered and adjudged "that the defendant stand committed until such judgment be complied with, not to exceed one day for each one dollar and twenty-five cents of such fine and costs assessed against him."   Upon a mere exception to the entry of judgment an appeal was taken by the defendant to the circuit court upon questions of law alone, resulting in a reversal of said judgment, and the plaintiff appeals to this court.

Omitting formal averments, the complaint is as follows: "That James W. Allen, on the 1st day of December, 1894, and on divers and sundry other days during said month of December, 1894, within the city of Deadwood, county and state afore-

said, then and there being, did then and there keep for sale at retail cigars, cigarettes and soda water, and other like drinks of various kinds, to be sold to the general public, and to be drank upon the premises, without having first obtained a license therefor, as required by law, contrary to the form, force and effect of the ordinance of the city of Deadwood in such case made and provided." The city of Deadwood is incorporated under Chap. 37, Laws 1890, by the provisions of which the city council is expressly authorized (Sec. 1, Subd. 30, Art. 5) "to regulate or license the manufacture and sale of cigars, tobacco, cigarettes, snuff, soda water and all light drinks of every kind, the manufacture and sale of which is not prohibited by the laws of the state." Sec. 1, Subd. 79: "To pass all ordinances, rules, and make all regulations, proper and necessary to carry into effect the powers granted to the cities, with such fines or penalties as the city council shall deem proper; provided, no fine or penalty shall exceed one hundred (100) dollars, and no imprisonment shall exceed three months for one offense." Sec. 2: "All actions brought to recover any fine or to enforce any penalty, under any ordinance of any city, shall be brought in the corporate name of the city as plaintiff. * * * "Sec. 4:" * * * A warrant for the arrest of the offender may issue in the first instance upon the affidavit of any person that any such ordinance has been violated; and that the person making the complaint has reasonable grounds to believe that the party charged is guilty thereof; and any person arrested upon any such warrant shall without any unnecessary delay be taken before the proper officer to be tried for the alleged offense. Any person upon whom any fine or penalty shall be imposed may upon order of the court before whom the conviction is had be committed to the county jail, city prison, work house, house of correction or other place provided by the city for the incarceration of offenders until such fine, penalty and costs shall be fully paid." When complaint upon oath has been made, as in this case, the law requires the police justice to forthwith issue

a warrant for the arrest of the offender, and, if the accused is found guilty upon the trial, "said justice shall render judgment accordingly. It shall be a part of the judgment, that the defendant stand committed until such judgment be compiled with; in no case to exceed one day for every one dollar and twenty-five cents fine and costs assessed against said defendant." Laws 1890, Chap. 37, Art. 11, § 7. Sec. 10 prohibits the justice from remitting fines, penalties, or costs and requires the punishment to be by fine and imprisonment, "as may be required by ordinance." The ordinance regulating the punishment for the offense of which respondent was convicted does not appear in the abstract, but, as the question is not raised, and his counsel states in his brief that an ordinance of the city of Deadwood provides for imprisonment in such cases, and no claim is made that the judgment of the police justice does not conform thereto it is unnecessary to determine whether the statutory provisions relating to imprisonment would be self executing, in the absence of an ordinance providing for or regulating the same. The only question presented by respondent's counsel in support of the action of the circuit court in reversing the judgment entered by the police justice is raised by an objection to the sufficiency of the complaint, which, so far as disclosed by the abstract, is made for the first time in this court. All the statutory rule requires in criminal cases is a pleading that states "the acts constituting the offense in the ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Comp. Laws, § 7241. An indictment is sufficient as to time and place if it can be understood therefrom "that the offense was committed at some place within the jurisdiction of the court, * * * and at some time prior to the finding of the indictment," and during that period within which it may be prosecuted. Id. § 7249. All imperfections in matters of form, not tending to prejudice the substantial rights of the accused, are insufficient to affect the trial, judgment, or other proceedings in a criminal cause,

and· should be·disregarded.   Id. § 7250.   The complaint states a day certain upon which the ordinance was violated, sufficiently lays the venue, charges the offense substantially in the language of such ordinance, and is therefore sufficient.   State v. Taylor (S. D.), 64 N. W. 548.   Ordinarily, the sufficiency of a complaint based upon an ordinance, for the violation thereof, is not determined by the stricter rules applicable to indictments and information.   1 Dill. Mun. Corp. 414; State v. Harris, 50 Minn. 128, 52 N. W. 387, 531.

But one further point need be noticed.   The complaint charges a violation of the ordinance "on the 1st day of December, 1894, and on divers and sundry other days during said month of December, 1894."   Where a day certain is laid, the phrase "divers and sundry other days" may very properly be rejected, as surplusage.   State v. Boughner, 5 S. D. 461, 59 N. W. 736; Whart. Cr. Pl. & Prac. 125; People v. Adams, 17 Wend. 475; Com. v. Pray, 13 Pick. 359; Wells v.· Com., 12 Gray 326. A similar complaint was held good on demurrer in City of St. Louis v. Weitzel, (Mo. Sup.) 31 S. W. 1845; State v.· Cofren, 48 Me. 364.   Also on a motion to quash, in Com. v. Rhodes, 148 Mass. 123, 19 N. E. 22.   As the keeping of the commodities named for the purposes mentioned in the ordinance without first having obtained a license constitutes the offense, there is no merit in the contention that the complaint is fatally defective because there is no allegation as to specific sales, or that soda water or other like liquors were drank upon the premises.   A careful examination of all questions discussed in respondent's brief without reference to his right, upon the record, to have the same considered, leads to the conclusion that the circuit court erred in reversing the judgment of the police justice and in awarding a judgment for costs against appellant.   The judgment appealed from is therefore reversed.