## Jim Alexander v. The State.

### No. 3496.   Decided May 22, 1907.

**1.—Local Option—Information—Duplicity.**

Where in a prosecution for a violation of the local option law the information alleged in one count three distinct transactions, the same was held to be bad on motion to quash.

**2.—Same—One Sale—Different Persons.**

Where on a trial for a violation of the local option law the proof showed a sale to one person and that he treated the other two, the same would constitute a sale to the first person of all of the drinks.

**3.—Same—Sale—Liquor Previously Ordered—Charge of Court.**

Where upon trial for a violation of the local option law, the evidence raised a question as to whether the transaction was a sale or a gift, the court should have charged on this phase of the case.

Appeal from the County Court of Brown.   Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $40 and sixty days imprisonment in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of duplicity of information: Thweatt v. State, 95 S. W. Rep., 517; Wood v. State, 84 S. W. Rep., 1058; Scales v. State, 81 S. W. Rep., 947; Potter v. State, 86 S W. Rep., 767.   On question of sale: Stovall v. State, 97 S. W. Rep., 92.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law; and appeals.

Appellant made a motion to quash the information in this case on the ground that it alleged three separate sales to three persons.   The allegation in the information, in that respect, is as follows:   "Appellant Jim Alexander, did unlawfully sell to John Parton, and Jack Rider, and John Chailett each one drink of whisky," etc.   Here we have three distinct sales to three different parties in the same information.   We do not regard it as the allegation of one transaction and a joint sale to said three parties; on the contrary, as presented, it shows three distinct transactions; that is, three distinct sales to three distinct persons.   We think the information in this respect is bad.   The proof in this respect, on the part of the State shows a sale to one of said parties, to wit: Jack Rider, and that he treated the other two, he both called for the drinks and paid for them.   This would constitute the same, as sale to Rider of all of the drinks.   In Bruce v. State, 39 Texas Crim. Rep., 26, where B applied in person for the whisky and stated that he was buying

it for one J, and the liquor was delivered to B, and he paid for same, it was held that this was a sale to B, and there was no variance. And see Ellington v. State, 12 Texas Ct. Rep., 800. The present case is not like that. This disposes of the case. However, under a new information charging a sale to Rider, if the proof should be the same on another trial, the issue will be whether or not the transaction was a sale by appellant to Rider, or whether the liquor in question had previously been ordered by Rider through appellant, and was kept by appellant at the club house for Rider. If it was Rider's liquor he had a right to drink same, and to give his friends a drink, and if the money paid by him, which the State claims identified the transaction as a sale, was for a precedent debt, appellant's defense should be fully given by the court. If on the other hand, the order testified about was a mere pretext, and the money paid on the occasion, when the drinks were taken, was for said drinks, this feature of the case should be presented by the court in proper charges on behalf of the State. See Martin v. State, 2 Texas Ct. Rep., 174, and Feige v. State, 16 Texas Ct. Rep., 425. The above cases, in some of their essential features, are much like the present case, and certainly the testimony here strongly suggests the transaction was a sale of whisky to Rider. The evidence shows that he did not send any money with his order, and no request to have same charged to him by the parties at Ballinger, where it is alleged the order was sent, and though one of said parties was on the stand in behalf of the defendant, he did not testify that any charge was made against Rider on any order for whisky. Rider paid at the time 45 cents, which was the price of the three drinks consumed by Rider and his companions. As stated, while the question of a sale is made by the evidence in this case, still appellant testified that he did not sell the whisky, but that it was Rider's whisky, and that the receipt of the money on the occasion was on account of a debt appellant owed him. Appellant should have his defense presented on another trial.

Because of the defective information, the judgment is reversed, and the cause dismissed.

*Reversed and remanded.*

Brooks, Judge, absent.