### CHAS. L. LEMLY V. THE STATE.

No. 10557.   Delivered May 18, 1927.

**1.—Violating Medical Practice Act—Information—Fatally Defective.**

Art. 742 of our P. C. reads as follows:  "Any person practicing medicine in this state, in violation of the preceding article of this chapter shall be fined not less than fifty nor more than five hundred dollars, and be imprisoned in jail not exceeding six months.  *Each day of such violation shall be a separate offense.*"

2.—Same—Continued.

The information in this case charges a violation of this statute on or about the 18th day of October, A. D. 1925, and on each day from said 18th day of October, A. D. 1925, until the 25th day of October, 1925, in one count. This information is duplicitous, and fatally defective.

3.—Same—Continued.

Where more than one offense is charged under this statute, the separate occasions should be set out in distinct counts, and the dates and proof should correspond with some degree of particularity, so that in case of acquittal or conviction, appellant might be secure in his right against being placed in jeopardy again for the same offense. Following Scales v. State, 46 Tex. Crim. Rep. 296.

Appeal from the County Court of McLennan County. Tried below before the Hon. James R. Jenkins, Judge.

Appeal from a conviction for violating the medical practice act, penalty a fine of $50.00 and one minute in the county jail.

The opinion states the case.

*McNamara, Scott & Jaworski* of Waco, for appellant.

*Robert M. Turpin, Chas. L. Black; Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of violating the Medical Practice Act, and his punishment assessed at a fine of $50.00 and one minute in the county jail.

The record discloses that the appellant was charged by information, in part, as follows:

" * * * that Charles L. Lemly, in the County of McLennan, and State of Texas, heretofore on or about the 18th day of October, A. D. 1925, and on each day from said 18th day of October, A. D. 1925, until the 25th day of October, A. D. 1925, did then and there unlawfully treat and offer to treat a human being, to-wit, Roy Johnson," etc.

The appellant, in due time, filed a lengthy motion to quash the information and complaint herein, alleging among other reasons, that said information was defective,

"Because the complaint and information alleged more than one offense, in that more than one date is alleged therein, and under the statute each day is a separate offense, and it is therefore duplicitous, and the offenses are not set out in such a way and with such particularity as to secure defendant in his right to plead jeopardy for the same offense."

The court overruled appellant's motion to quash, to which action appellant reserved his bill of exception No. 2.

This prosecution is based upon Art. 742, P. C., which reads as follows:

"Any person practicing medicine in this state in violation of the preceding articles of this chapter shall be fined not less than fifty nor more than five hundred dollars, and be imprisoned in jail not exceeding six months. Each day of such violation shall be a separate offense."

It will be observed from reading the above article that each day constitutes a separate offense, and the information in the instant case charges a violation of said Act on the 18th day of October, 1925, and on each day from said date until the 25th day of October, 1925. We are of the opinion that the appellant's contention on this issue is correct, and that the trial court erred in refusing to sustain appellant's motion to quash the information. In Scales v. State, 46 Tex. Crim. Rep. 296, 81 S. W. 947, wherein the appellant was charged with selling cotton futures on the 1st day of July, 1902, "and on each succeeding day thereafter until the 1st day of July, 1903," this court, speaking through Judge Henderson, held that the motion to quash in that case should have been sustained, stating:

"In this indictment, the separate days are not set out in distinct counts, but it seems that the attempt was here made to charge a separate offense for each day in one count. We believe that the separate occasions should be set out in distinct counts, and the dates and proof should correspond with some degree of particularity, so that in case of conviction or acquittal, appellant might be secure in his right against being placed in jeopardy again for the same offense. In our opinion the indictment is vicious in the respect pointed out. And being so it was not cured by the court confining the prosecution to one day."

For the error above discussed, the judgment of the trial court is reversed and the cause ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.