SAM PIERCE AND F. W. SMITH v. THE STATE.

No. 13815.  Delivered March 11, 1931.
Rehearing Denied May 13, 1931.

The opinion states the case.

*Heidingsfelder & Kahn,* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., *Frank Williford, Jr.,* Asst. Dist. Atty., and *E. T. Branch,* all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accepting a bribe; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment that appellants were deputy constables, and by appropriate allegations it was charged that they accepted

a bribe from E. Sallie. A conspiracy was not alleged. Appellants moved to quash the indictment on the ground that they were improperly joined in a single indictment in the absence of allegations charging a conspiracy. They take the position that there could be no joint liability for failure to discharge a statutory duty, and that their acceptance of the bribe could not be a joint act inasmuch as each was responsible for his own official dereliction. We deem the contention untenable. A private person is also individually responsible for his acts, but he may be charged as a principal offender with another or others in the commission of an offense. It is not necessary to allege the acts which constitute the accused a principal. An indictment charging two or more with the commision of an offense need not contain an allegation that they acted together. Branch's Annotated Penal Code, section 676; Watson v. State, 28 Texas Crim. Rep., 34, 12 S. W., 404; Loggins v. State, 32 Texas Crim. Rep., 358, 24 S. W., 408.

Appellants' motion to quash the indictment was also based on the ground of duplicity, their contention being, first, that each appellant was guilty of a separate offense in that each was individually responsible for his own act in accepting a bribe and, in the second place, that the indictment in charging that the bribe was paid to appellants in specified sums on several different occasions, sets forth separate and distinct offenses in a single count. It is alleged in the indictment that the sum agreed upon between the parties was $500.00 in money, and that on the 11th day of December, 1929, $50.00 was paid by Sallie to appellants as part payment of said sum, and that on the 12th day of December of the same year the further sum of $200.00 was delivered to appellants, as part payment of said sum of $500.00. The remaining payments were appropriately set forth. Duplicity is defined by Mr. Branch in his Annotated Penal Code, sec. 506, as follows: "Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different." See Hickman v. State, 22 Texas App., 441, 2 S. W., 640; Hammons v. State, 29 Texas Crim. Rep., 445, 16 S. W., 99. We understand from a reading of the indictment that one offense is charged, that is, the acceptance of a bribe by appellants in the sum of $500.00 for which E. Sallie was released from custody and no charges filed against him after he had been arrested by appellants for the offense of possessing a still and equipment for manufacturing intoxicating liquor. It might be that the indictment charges several ways by which the offense was committed. Again we quote from Branch's Annotated Penal Code, sec. 508, as follows: "Where several ways by which an offense may be committed are set forth in the same statute, and they are embraced in the same general definition and are punishable in the same manner and to the same extent, and are not repugnant to each other, they are not distinct offenses but different phases of the same offense, and

may be charged conjunctively in the same count." Some of the cases cited in support of the text are Nicholas v. State, 23 Texas App., 317, 5 S. W., 239; Comer v. State, 26 Texas App., 509, 10 S. W., 106; Prendergast v. State, 41 Texas Crim. Rep., 358, 57 S. W., 850; Holman v. State, (Texas Crim. App.) 90 S. W., 174; Johnson v. State, 75 Texas Crim. Rep., 177, 171 S. W., 211, 212. We deem the rule above quoted applicable to the present indictment.

Appellants contend that the accomplice E. Sallie was not sufficiently corroborated. Appellants secured a search warrant and went to Sallie's place for the purpose of searching for a still and intoxicating liquor. Having discovered a still near Sallie's premises, they placed him under arrest, destroyed same of the equipment for manufacturing whisky, and started to take Sallie and the still to the office of the magistrate for the purpose of filing a complaint against Sallie. These facts were uncontroverted. Appellants admitted that they found the still, placed it in the car and took Sallie into custody. Accomplice witness Sallie testified that he had been manufacturing and selling intoxicating liquor and that upon the occasion of the search he was arrested by appellants. His testimony was further, in substance, as follows: After being arrested, he went with appellant Pierce to Johnny Hilderbrandt's home for the purpose of getting Hilderbrandt to accompany him to town and execute bond for him. Appellant Pierce remained in the car while Sallie went to the house and talked to Johnny Hilderbrandt and Charlie Hilderbrandt. The officer told the Hilderbrandts where to go to get the bond. Appellants and Sallie proceeded toward town in Sallie's car. Sallie's father and the constable followed them. The Hilderbrandts drove ahead of the officers. On the way to town appellants advised Sallie that they believed they could save him trouble. It was finally agreed betwen Sallie and appellants that he would pay them $500.00 to release him and not file charges against him. The parties proceeded toward the magistrate's office, and, pursuant to the understanding with appellants, Sallie advised the Hilderbrandts that he would not need bond. Sallie and appellants rode back to the country and threw the still in a ditch. Sallie went to his home and secured $50.00, which he paid appellants. He was released and no charges filed against him. The next day, pursuant to his agreement with appellants, he paid them $200.00. Thereafter, the remaining sums of money were paid by Sallie to appellants.

Considering the corrobative evidence, we note the following: Appellants made a false return on the search warrant, in that they made no mention of having found the still. The return showed that they discovered thirty barrels of mash on premises adjoining Sallie's place and that such mash had been destroyed by them. Although ordered in the search warrant to arrest Sallie, the return failed to show that such arrest had been made. Sallie was not taken before a magistrate, and no

charges were filed against him. Appellants stopped outside of the city with the still. They had directed the bondsmen of Sallie to go to town, but finally had them stopped without making any explanation to them. They drove miles out of the way in their return to Sallie's house, and threw the still into a ditch. A witness by the name of Brill testified to this fact. Witnesses Riley Williams and Waters saw appellants make various trips to isolated parts of the city. It was at these places that the accomplice testified he paid the bribe money. The witness Waters testified to having seen Sallie with a big roll of bills on the occasion he met appellants at the Majestic Theater. Sallie had testified that he met appellants at such place for the purpose of complying with his agreement to pay them an installment on the bribe they had agreed to receive. Appellants admitted that they took Sallie into custody and admitted that they released him and threw the still in a ditch. The jury were authorized to take the admission of these facts into consideration in determining whether the accomplice was corroborated. The Hilderbrandts testified to having gone ahead of appellants and Sallie for the purpose of making bond for Sallie. They further testified that they had been advised by Sallie before entering the magistrate's office that bond would not be required. We have not undertaken to set out all of the corroborative circumstances. The opinion is expressed that the corrobation is sufficient.

While admitting the finding of the still and mash, and that they arrested Sallie, appellants declared they had released him upon his promise to aid them in apprehending the offender. They said that appellant had convinced them that he was not guilty and had named the person who was engaged in using the still for manufacturing intoxicating liquor. They denied that they had accepted any bribe to release Sallie.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In their motion for rehearing appellants again insist that the indictment is bad for duplicity in that it charges certain officers jointly with the acceptance of a bribe, it being contended that upon each appellant there rested an individual duty and responsibility as such law officer to execute and follow the law, which appellants think could not blend into one criminal purpose except there be an allegation of a conspiracy. No authorities are cited in support of this view, and we know of none. The pith of the law of principals is an acting together with a common intent in the commission of an offense.

To charge ordinary parties as principals, it is not necessary to allege that prior to the commision of the offense, such parties conspired to commit same. We confess we are not able to follow appellants' reasoning in their contention that because alleged offenders are officers, that it is insufficient to charge them in ordinary terms as principals.

The insufficience of the corroboration of the accomplice Sallie is again strongly challenged. Much of the corroborating testimony is set out in our original opinion. Without further analysis or enumeration of the facts, we are of opinion same tend to connect appellants with the offense charged. The testimony of the accomplice fully made out a case of guilt.

Being of opinion the matter was properly disposed of originally the motion for rehearing will be overruled.

*Overruled.*