G. H. Grisson v. The State.

No. 14190. Delivered October 24, 1931.
Rehearing Denied December 9, 1931.

The opinion states the case.

*Bledsoe, Crenshaw & Dupree,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is carrying on a business injurious to those residing in its vicinity; the punishment, a fine of $75.

The complaint and information were drawn under the provisions of

article 695, Penal Code, which we quote: "Whoever shall carry on any trade, business or occupation injurious to the health of those who reside in the vicinity, or suffer any substance which has that effect to remain on premises in his possession, shall be fined not less than ten nor more than one hundred dollars. Each day is a separate offense."

In preparing the complaint and information the pleader followed Form Number 327, Willson's Criminal Forms, 4th Edition, which, omitting the formal parts, reads as follows:

"A. B., on the _____ day of _____, A. D., 19___, and on each day thereafter until the _____ day of _____, A. D. 19___, being in all ___ days, in the county and state aforesaid, did unlawfully carry on a trade, business, and occupation injurious to the health of those persons who then and there resided in the vicinity of where he carried on said trade, occupation and business, the said trade, occupation and business being (here allege the name or nature of the same)."

The complaint and information charged that appellant carried on the unlawful trade "on the 17th day of March, A. D. 1930, and on each day thereafter until the 27th day of September, A. D. 1930, being in all 194 days." In the charge the court treated the allegation as to time as being an averment that appellant committed one offense of a continuous nature during the time set forth in the complaint and information. The jury were authorized in the charge to fix the punishment at a fine of not less than $10 nor more than $100. The jury returned a verdict finding appellant guilty of one offense and assessed the punishment at a fine of $75. The judgment followed the charge of the court and the verdict of the jury.

In the light of the foregoing statement from the record, we review the action of the trial court in overruling appellant's motion to quash the information and complaint. It was urged in the motion that 194 separate and distinct offenses were charged in a single count, resulting in the complaint and information being duplicitous. Stated in another way, it is appellant's position that the allegation as to the time of the commission of the offense, when considered in connection with the statutory provision that each day the prohibited business is carried on is a separate offense, manifests that more than one offense was charged in a single count.

"Duplicity" is defined by Mr. Branch, in his Annotated Penal Code, sec. 506, as follows: "Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different." Pierce et al. v. State, 117 Texas Crim. Rep., 58, 38 S. W. (2d) 589. In this state the doctrine of duplicity has been given application to charges of misdemeanor. Thweatt v. State, 49 Texas Crim. Rep., 617, 95 S. W., 517; Alexander v. State, 51 Texas Crim. Rep., 506, 102 S. W., 1122;

Porter v. State, 48 Texas Crim. Rep., 125, 86 S. W., 767; Scales v. State, 46 Texas Crim. Rep., 296, 81 S. W., 947; Lemly v. State, 107 Texas Crim. Rep., 67, 294 S. W., 856. However, the decisions on the question are not without conflict, some of the cases by this court holding that it is proper to charge more than one misdemeanor in a single count. Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W., 176; Warner v. State, 66 Texas Crim. Rep., 356, 147 S. W., 265. The judges writing the opinions in the cases last referred to apparently relied upon the holding by this court that distinct misdemeanors may be charged in separate and distinct counts and a conviction had under each count. See Hall v. State, 32 Texas Crim. Rep., 474, 24 S. W., 407; Sanders v. State, 70 Texas Crim. Rep., 209, 156 S. W., 927, and authorities cited. Other than to call attention to the fact that the recent decisions of this court do not subscribe to the doctrine that it is proper to charge more than one misdemeanor in a single count, we deem it unnecessary to discuss the question. Having reached the conclusion that the complaint and information charged but one offense, it is not necessary to decide whether more than one misdemeanor may be properly joined in a single count.

In reaching the conclusion that one offense was charged, we have applied the rule for determining whether a transaction forms a continuous act. In Wharton's Criminal Procedure, vol. 11, 10th Ed., sec. 1410, the rule is stated as follows: "The mere passage of time does not by itself break up into parts an offense otherwise continuous. If the transaction is set on foot by a single impulse, and operated by an unintermittent force, it forms a continuous act, no matter how long a time it may occupy."

The complaint and information disclosed a transaction forming a continuous act. In this state, it has been expressly held that an indictment for keeping a disorderly house on a specified day and on each succeeding day thereafter until another specified date charged but one offense. Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W., 139-140. In reaching the conclusion in Novy's case that one offense was charged, the court took note of the fact that the statute provided that each day the house was kept was a separate offense. We quote from the opinion of the court as follows: "It is true that under this statute each day he keeps such a house may be a separate and distinct offense, but in order to make it so it would be necessary for the information or indictment, in separate and distinct counts, to charge each day a separate and distinct offense, and unless this is done, although, as in this case, the party is charged to have kept such a house from July 1st to November 1, 1909, only one offense would be charged. It is well established that such an offense as is charged in this case is a continuous one, and a conviction bars all further or other prosecutions up to the time of the conviction, unless the indictment or information carves out the time of the commis-

sion of the offense and the evidence, as well as the pleading, is confined to such time so carved out. Huffman v. State, 23 Texas App., 491, 5 S. W., 134; Fleming v. State, 28 Texas Crim. Rep., 234, 12 S. W., 615. In our opinion, the information in this case carves out but one offense and limits the time for that offense as between the dates July 1, 1909, and November 1, 1909."

In Corpus Juris, vol. 31, page 771 we find the following statement: "Where each day a prohibited business is carried on is made a separate offense by statute, it is not proper to charge the carrying on of the business for several days in a single count. But where the offense is a continuous one and it is simply permissible to make each day a separate and distinct offense by proper allegations in the indictment or information, a charge covering a period of time embracing many days is deemed to be a charge of only one offense and not objectionable."

A nuisance of the nature described in the information in the present case is ordinarily a continuous offense. On the subject of continuing offenses, we quote from Bishop's New Criminal Procedure, vol. 1, 2nd Ed., sec. 393, as follows: "These are such as in their nature consist of acts in a series, so that though it is not impossible the whole series may transpire in one day, naturally and commonly they continue from day to day. Thus, a nuisance to a way, though it may come and go in a single day, does not so ordinarily. And whatever be the fact of a particular nuisance of this sort, a man may be indicted for erecting or maintaining it on a day named, or on continuous days, at the election of the prosecutor. And he must employ the latter form if, the nuisance in fact remaining, he seeks a judgment for its abatement; since otherwise the court cannot render this special judgment. The allegation of time in this form is called, or it is said to be with, a continuando."

Appellant cites Scales v. State, 46 Texas Crim. Rep., 296, 81 S. W., 947, and Lemly v. State, 107 Texas Crim. Rep., 67, 294 S. W., 856, in support of his contention that the complaint and information are duplicitous. In Scales' case it was charged in the indictment in a single count that the accused on the 1st day of July, 1902, and on each day thereafter until the 1st day of July, 1903, did carry on a business where future contracts in cotton, etc., were bought and sold. In reaching the conclusion that the indictment was duplicitous, this court referred to the fact that, under the statute, each day the business was carried on constituted a separate offense. It was not decided that the offense was a continuous one. We know of no case holding that such an offense in its nature consists of acts in a series, which naturally and commonly continue from day to day. If it should be held that the offense charged in Scales' case was a continuous one, then the opinion is expressed that the holding in such case that the indictment was duplicitous should not be sustained. In Lemly's case, it was charged in a single count that the

accused, without having complied with the terms of the Medical Practice Act, treated and offered to treat a human being on the 18th of October and on each day from that date until the 25th day of October, 1925. In holding the information duplicitous, attention was called to the fact that the statute provided that each day should be a separate offense. Scales v. State, supra, was cited in support of the holding. We think the decision in Lemly's case might be sustained on the ground that a continuous offense was not involved. Unlike the case at bar, it would appear that more than one impuse was involved, and that the transaction was not operated by an unintermittent force. Treating a patient one day and thereafter returning on a subsequent day to administer treatment would not appear to constitute a transaction which formed a single act.

Disclaiming any intention to determine the effect of article 49, P. C., on the question of duplicity, we quote said article as follows: "When an offense of which a person is convicted is in its nature continuous, there shall also be a judgment for its suppression."

In other jurisdictions having a similar statute, it has been held that in those cases "in which the offense is of a continuing nature and properly laid under a continuando, it may be so laid without rendering the indictment or information duplicitous." 31 Corpus Juris, p. 770; State v. Murray et al., 237 Mo., 158, 140 S. W., 899. In the present case it was charged that the offense continued up until the date the complaint was filed. In as much as we have reached the conclusion that one offense was charged, we deem it unnecessary to determine the effect of article 49, P. C., or to discuss the decisions in other jurisdictions dealing with a similar statute.

One offense was charged. Hence an election could not be required. Further than this, we deem it unnecessary to discuss the bill of exception relating to the refusal of the court to require an election.

After alleging that appellant carried on a trade, business and occupation injurious to the health of those who resided in the vicinity of where it was carried on, it was averred in the complaint and information that the business was a "dump ground" for refuse. We quote that part of the complaint and information setting forth the nature of the business as follows: "That of maintaining a dump ground for refuse, to-wit: chicken carcasse, dead chickens, chicken feathers, chicken intrals and waste from chicken and turkeys and paper and other accumulations from poultry houses."

Appellant moved to quash the complaint and information on the ground that the manner in which the business was carried on was not alleged in such a way as to bring it within the condemnation of the law, and that the allegations were so vague and indefinite as not to have apprised him of the specific offense charged against him. We think the allegations sufficiently specific to bring the alleged act within the con-

demnation of the statute. Everything necessary to be proven appears to have been alleged. It is the rule that all that is essential to constitute the offense must be explicity charged, and that the facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. We think that the allegations in the complaint and information are within the rule announced. Middleton v. State, 114 Texas Crim. Rep., 263, 25 S. W. (2d) 614.

Appellant contends that the evidence is insufficient to support the conviction. That appellant maintained the "dump ground" for refuse was uncontroverted. It appears that the "dump ground" was about 200 yards long and three or four feet high. It was composed or refuse from poultry houses, eggs, dead chickens, dead turkeys, and decayed entrails from chickens and turkeys. One witness said: "I could not say how many maggots I have seen there, just worlds of them is the way I have of expressing it and they were crawling on the ground and running on the ground, they were crawling on the ground and on top of this dump pile there." It appears that green flies from the dump pile molested those living in its vicinity. Witnesses for the state testified to becoming nauseated from the odors arising from the decayed matter. One witness said: "The stink coming from this at times makes me sick at my stomach. I have been eating dinner and at the time when this smell would come from that dump ground there at such time I would just push my plate back and get up and pull down the windows and shut the door and go back and try to finish my meal. * * * My health has not been any better since I have been on this place, at times it has been worse on account of being sick at my stomach from this dump ground, that is what caused it, the odor from the dump ground is what caused me to be sick at my stomach." The county health officer testified that the conditions present at the dump ground would tend to be detrimental to the health of those subjected to the foul odors arising from the decayed refuse. Several witness for appellant testified that they had not been particularly bothered by the odors from the dump pile, and that they had enjoyed good health. Appellant's defense was that he had not used his premises in such a manner that it was injurious to the health of those people residing in the vicinity of his farm. We are not prepared to say that the evidence was insufficient. There was an issue for the jury, who were the sole judges of the credibility of the witnesses and the weight to be given to their testimony.

It appears from several bills of exception that a witness for appellant was required to testify on cross-examination that the books taught that flies carried typhoid fever germs. This testimony was hearsay, and should not have been admitted. However, it was uncontroverted that green flies went from the dump ground to houses in its vicinity. The county health officer, as shown on page 77 of the statement of facts, testified, without

objection, as follows: "The diseases carried by flies are typhoid, typhus, cholera, and if the flies carry the infection into a person's premises they are calculated to injure his health and the people who reside there."

This testimony was uncontroverted. In the light of the record, we are constrained to hold that the error in admitted the testimony was harmless.

There are other bills of exception in the record, which we have not discussed. Each bill has been carefully examined. The opinion is expressed that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that our original opinion is in conflict with Scales v. State, 46 Texas Crim. Rep., 296, 81 S. W., 947, and Lemly v. State, 107 Texas Crim. Rep., 67, 294 S. W., 856. Whether or not an indictment such as is found in this case is duplicitous largely depends upon whether the offense charged is a continuous one. Because the statute declares that each day may be a separate offense is not necessarily the controlling factor. If the state desired to secure convictions for more than one offense (it being a misdemeanor) as occuring on different days during a specified period of time then this court seems to be committed to the proposition that it would be necessary to allege in separate counts in the indictment the commission of the offense on the several days for which convictions are sought. If, however, the offense is a continuous one the state may secure a single conviction for the commission of this continuous offense by alleging in a single count that it was committed between days stated and on each intervening day. The fact that the statute provides that each day may be a separate offense would not render such an indictment vicious for duplicity. The Scales case appears to be in conflict with the original opinion in this case and with the case of Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W., 139. We note that in the Scales case the court apparently failed to consider the fact that the offense there charged was a continuous offense. This may be accounted for by the statement in the beginning of the opinion that "appellant was convicted of selling cotton futures * * *". This in fact was what the evidence developed against accused. However, the indictment charged that between certain dates he conducted and carried on a business commonly known as dealing in futures in cotton. If the court's attention had been directed to the fact that the charge in the indictment was that of a continuous offense the

discussion of whether the indictment was duplicitous would doubtless have taken a wider range than is apparent in the decision. We think the Novy case, which does take into consideration that the offense there charged was continuous in its nature, is more in accord with the great weight of authority, as is pointed out in our original opinion. In order that there may be no further confusion in regard to the matter the Scales case upon the point under consideration is overruled. As further supporting the conclusions heretofore reached in our original opinion, we refer to notes under the case of State of Minn. v. Dufour, 123 Minn., 451, 143 N. W., 1126, 49 L. R. A. (N. S.), 792. Notes under the opinion are found in L. R. A. collating authorities from various states which support our conclusions, that such an indictment as is found in the present case is not bad for duplicity, among them being State v. Cofern, 48 Me., 364, Comm. v. Dunn, 111 Mass., 426. We do not regard Lemly v. State, 107 Texas Crim. Rep., 67, 294 S. W., 856, as out of line with the holding in the present case. The prosecution there was under what is generally known as the "medical practice act." Article 741, P. C., undertakes to define when a person is practicing medicine. The first sub-division says: "Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease, etc.", shall be regarded as practicing medicine. And the second subdivision says that one "who shall treat or offer to treat any disease or disorder, etc. for money or other compensation," shall be regarded as practicing medicine. The charge in Lemly's case was not that accused publicly professed to be physician or surgeon, but the prosecution was under the second subdivision of article 741. The information in that case specifically charged that accused did on divers days unlawfully treat and offer to treat one Roy Johnson for a disease, etc., and charged therefor money, without having obtained and received a license and certificate, etc. It is apparent that the offense charged against Lemly was not a continuous offense. Treating or offering to treat a particular individual on different days seems to be necessarily separate transactions originating from an independent impulse and therefore could not be a continuous offense. The averment in the indictment in Lemly's case charging in one count the treatment of Johnson on various days did not charge a continuous offense. It charged in one count more than one misdemeanor, and therefore was subject to the vice of duplicity.

We do not think it necessary to discuss the other matters urged by appellant in his motion for rehearing, believing they were sufficiently discussed and properly disposed of in our original opinion.

The motion for rehearing is overruled.

*Overruled.*